PIZZUTO, J.T.C.
Plaintiffs sought to contest the 1998 local property tax assessment on them residence by petition filed with the Bergen County Board of Taxation on or about August 13, 1998. The Board dismissed the petition as untimely filed, and in this action plaintiffs seek review of the dismissal and ultimately of the assessment.
For the tax year in question, N.J.S.A. 54:3-21 permitted the filing of tax appeals on or before April l.[1] It is not contested that plaintiffs’ petition was filed after this date. The taxing district has moved to dismiss the Tax Court action on the ground that untimely filing with the County Board absolutely bars review of the assessment. Plaintiffs contend, however, that they did not have notice of the subject assessment until receipt of the tax bill on or about July 10, and that their petition, having been filed within forty-five days of notice, should be considered timely.
Several recent decisions of the Tax Court recognize an exception to the filing deadline established by N.J.S.A. 54:3-21. In Centorino v. Tewksbury Tp., 18 N.J.Tax 303 (Tax 1999), a taxpayer who had acquired property in September of the preceding year was permitted to file an appeal within forty-five days of actual notice of the property’s assessment. There was no dispute that the assessment notice required by N.J.S.A. 54:4-38.1 had been directed to the previous owner, and the court found that actual notice was conveyed only by the tax bill. The assessment had increased from $492,100 in the previous year to $601,900.
*197 Regent Care Ctr., Inc. v. Hackensack City, 18 N.J.Tax 320 (Tax 1999) , dismissed an action filed directly in the Tax Court more than forty-five days after receipt of the tax bill. It was undisputed that the assessment notice recited the previous year’s assessment of $4,390,200, and the court found insufficient evidence to demonstrate issuance of a corrective notice stating the actual assessment of $8,090,300. Nevertheless, the court considered forty-five days from actual notice to be an appropriate and reasonable period within which plaintiff should have acted to file its complaint.
Davis & Assocs., L.L.C. v. Stafford Tp., 18 N.J.Tax 621 (Tax 2000) also concerned a substantial increase in assessment from the preceding year. The assessment on one of the two lots at issue increased from $205,900 to $3,560,000, apparently after development approval. There was a clear factual dispute over receipt of the assessment notices. The court found that the elements sufficient to prove mailing by the assessor had been demonstrated and that, accordingly, a presumption of receipt had been established. See SSI Med. Servs., Inc. v. State, Dep’t of Human Servs., 146 N.J. 614, 685 A.2d 1 (1996). It further found the evidence presented by the taxpayer insufficient to rebut the presumption. Alternatively, on the assumption that notice was not received, the court considered the taxpayer to be a “sophisticated real estate development company which owns properties and operates commercial enterprises in a number of municipalities.” 18 N.J.Tax at 634. Prudent business practice, the court concluded, would have dictated inquiry to the assessor in February or March in the absence of assessment notices. In these circumstances, the court found no basis to extend the filing period beyond April 1, and taxpayer’s complaint, filed on August 18, was dismissed.
The exception recognized in these cases applies only when notice pursuant to N.J.S.A. 54:4-38.1 has not been given, and in every case the assessment had been increased over that for the previous year. Cf. Center for Molecular Med. and Immunology v. Belleville Tp., 19 N.J.Tax 193 (App.Div.), certif. denied, 165 N.J. 677, 762 A.2d 658 (2000), concerning the timeliness of a complaint *198 presenting an exemption claim. In the instant case too, the assessment has been increased. In 1997, the property’s assessment was $682,500, while in 1998 it was $789,300. There is no occasion at present to determine whether the exception may apply when the assessment has not changed, but the due process and equitable considerations underlying the exception are less weighty in the case of an unchanged assessment. Each year’s assessment is subject to review at the taxpayer’s instance by a timely filing in that year under N.J.S.A. 54:3-21. The decision whether to contest a new or increased assessment has a much closer connection with actual notice of that assessment than the decision concerning a contest of an unchanged assessment. As Davis recognizes, the taxpayer’s sophistication with respect to assessment procedures also becomes relevant. In addition it should be noted that the failure to make a timely filing in any given year is without prejudice to the right to contest an assessment in any subsequent year. See Jepson Refrigeration Corp. v. Trenton City, 15 N.J.Tax 467(Tax), rev’d on other grounds, 295 N.J.Super. 492, 685 A.2d 505 (App.Div.1996).
The circumstances attending the transmission of the assessment notice for the subject property were addressed at a plenary hearing conducted pursuant to R. 1:6-6. The assessor testified in detail that she personally took possession of the printed assessment notice cards prepared for Wyckoff, that she compared each card with assessment records to confirm that a card had been prepared for each property and to verify the accuracy of the data recited and the correctness of the addresses. Certain categories of cards were identified for special treatment. All cards were secured in the assessor’s locked office, and she, after counting the cards again personally, carried them to the post office on January 28, 1998. There, in accordance with postal procedures, appropriate postage fees were paid and the notices deposited in the mail. The assessor further testified that the cards were printed with the correct return address and that the subject card was not returned. This testimony is entirely credible and reflects the assessor’s organization and diligence. It amply *199 supports the findings enumerated in SSI Med. Servs., supra, that establish mailing and give rise to a presumption of receipt.
Peter Southway, who resides with his wife at the subject property and with her maintains this action, testified that plaintiffs had no notice of the increased 1998 assessment until they received a tax bill on or around July 10. He had over forty years of experience in banking and is presumably careful and attentive to financial questions. The Southways traveled to Florida on or about January 26, 1998, and returned on or about February 20. They directed the post office to hold their mail when they were absent, and on them return, collected the accumulated mail. Southway testified that he reviewed the first-class mail and had no recollection of seeing an assessment notice. He acknowledged that he was not looking for that item and did not particularly remark its absence. His practice on receiving notices in other years was to compare the notice with the previous tax bill, and, if the assessment was unchanged, to discard the notice. Southway’s testimony was straightforward and credible, and there is no question that it is his honest recollection that he did not see an assessment notice in February or otherwise learn of the increase in his assessment until July. Nevertheless, it is not actual knowledge that is the dispositive question, but rather whether appropriate notice, sufficient to establish reason to know, was given.
The evidence in this case is consistent with different conclusions. One is that the card addressed to the Southways was lost in the mail, either before or after it would have been set aside during their absence. In this event, they would not be on notice of the new assessment. Another, equally likely, conclusion is that the card was misplaced after the Southways claimed their accumulated mail or in some way not recognized for what it was. If this occurred, the taxpayers had adequate notice and reason to know the new assessment, notwithstanding lack of actual knowledge. It is not possible in this state of equal probabilities to make a definite finding of fact concerning whether the card was actually delivered. It remains to determine, however, what the consequences of these *200 equal probabilities are, in light of the presumption of delivery and the applicable burden of proof.
The ultimate question to be decided is whether the taxing district’s motion to dismiss the complaint for untimely filing should be granted. It is undisputed that the petition to the County Board was untimely, unless the delay in filing is excused on account of a defect in notice. On the issue of the adequacy of notice, as on other issues raised by a plaintiff to excuse a late filing and thereby avoid a limitation of the action, the burden of proof is on the plaintiff. See O’Keeffe v. Snyder, 83 N.J. 478, 416 A.2d 862 (1980); Lopez v. Swyer, 62 N.J. 267, 300 A.2d 563 (1973); Alfone v. Sarno, 139 N.J.Super. 518, 354 A.2d 654 (App.Div.), certif. denied, 71 N.J. 498, 366 A.2d 654 (1976). The plaintiffs testimony that he did not receive notice makes a prima facie showing on an issue of fact, while the proof of mailing by the assessor with the attendant presumption of receipt responds and creates a controverted question of fact.
It is not, therefore, a question of whether Southway’s testimony rebuts or overcomes a presumption where the taxing district has the burden of proof with respect to the fact presumed. Rather, the taxing district claims the benefit of the presumption or, strictly speaking, the logical inference of delivery (in which the presumption is rooted) to controvert the plaintiffs testimony concerning defective notice. Whether the presumption, as such, is actually invoked, the result is the same. The controverted question in this case must be addressed in terms of the inferences that flow from the proof of mailing and the testimony concerning receipt, either -without regard to the presumption, or, if the presumption is considered to have an effect, under the evidence rule dealing with presumptions, which provides:
“If evidence is introduced tending to disprove the presumed fact, the issue shall be submitted to the trier of fact for determination unless the evidence is such that reasonable persons would not differ as to the existence of the presumed fact.” N.J.R.S. 301
See generally the comment to this rule, and in particular the 1991 Supreme Court Committee Comment which observes:
*201 “[A] valid presumption can be used to establish a prima facie case, but the presumption normally disappears in the face of conflicting evidence. Nevertheless, any logical inference which can be drawn from the basic fact remains.”
As stated, the evidence is equally consistent both with the delivery and non-delivery of the assessment notice.[2] The issue must therefore be determined against the party who bears the ultimate burden of proof with respect to that issue. Since plaintiff bears that burden, the untimely filing is considered not excused, and the defendant’s motion to dismiss is granted.

 N.J.S.A. 54:3-21 has since been amended to permit the filing of an appeal within fortj'-five days from the completion of bulk mailing of assessment notifications for the taxing district within which the property is located, if that period extends beyond April 1. L., 1999, c. 208 § 2. Assessors are required in each year to notify taxpayers of current assessments. NJ.S.A. 54:4-38.1. This statute was enacted as L. 1991, c. 75, § 32, and the notice is commonly referred to as the “Chapter 75 notice.” The notice is directed to be given before February 1, and the 1999 amendment deals with instances where the notice is late.

 To tip the balance and carry the ultimate burden on receipt of notice, a plaintiff might demonstrate, for example, either the likelihood of some diversion of the item or its absence from a regularly maintained log of received mail.