**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



**MARY SIOBHAN BRENNAN**
**JUDGE**

495 Martin Luther King Blvd., Fourth Floor
Newark, New Jersey 07102
609 815-2922, Ext. 54560
Fax: 609 815-3079

February 10, 2023

Farhan Ali, Esq.
Frank Ferruggia, Esq.
Attorneys for Plaintiff
MCCARTER & ENGLISH, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 07102

Kenneth A. Porro, Esq.
Edna J. Jordan, Esq.,
Attorney for Defendant
CHASAN LAMPARELLO MALLON & CAPPUZO, PC
300 Lighting Way, Suite 200
Secaucus, New Jersey 07094

Via eCourts

    RE:    Tonnelle Center LLC v. Township of North Bergen
           Docket No.: 009702-2022

This letter opinion sets forth the court's findings of fact and conclusions of law on Defendant's R. 8:4-1(a)(5) motion to dismiss Plaintiff's complaint for untimely filing. Defendant maintains that the court lacks subject matter jurisdiction resulting from Plaintiff's failure to file a timely appeal under N.J.S.A. 54:3-21(a)(1). For the reasons explained below, the court grants Defendant's motion.






## I. Procedural History and Finding of Facts

Tonnelle Center, LLC ("Plaintiff") owns the property located at 8101 Tonnelle Avenue ("Subject Property"), identified as Block 457.01, Lot 38 on the North Bergen Township ("Township" or "Defendant") tax map. For tax year 2022, and as the result of a municipal-wide revaluation, the Township increased the assessment on the Subject Property from $12,554,400 to $118,398,600. On August 12, 2022, Plaintiff filed a direct appeal of its 2022 local property taxes pursuant to N.J.S.A. 54:3-21, which allows for direct appeals of assessments more than $1,000,000.

On September 16, 2022, the Township filed a motion to dismiss Plaintiff's Complaint for failure to file the complaint by the statutory deadline of May 2, 2022,[1] pursuant to R. 8:4-1(a)(5).[2] Plaintiff opposed the motion arguing that the court should extend the statutory deadline to "fairly protect the principles of due process." The Township filed a reply brief on October 12, 2022 in response to Plaintiff's opposition. Upon review of the moving papers, the court adjourned the motion and set the matter down for a R. 1:6-6 hearing on December 1, 2022. The court heard testimony from Township witnesses Edward Giunta, Rick DelGuercio, William Raska, and Robert Brescia, and Plaintiff witnesses Israel Silber, Toby Goldberger, and Miriam Mayer. Due to additional discovery issues exposed during the hearing, the court suspended the hearing and continued the matter on Wednesday, February 8, 2023.

Based upon the multiple certifications and exhibits filed by both parties, and the testimony of witnesses, the court makes the following findings of facts pursuant to R. 1:7-4(a).

---

[1] The statutory deadline is May 1st; however, an exception is made when that date falls on a weekend or holiday as it did in 2022.

[2] Incorrectly identified in the motion papers as R. 8:4-1(a)(2).

The Township underwent a municipal-wide revaluation for tax year 2022. The Township contracted with Appraisal Systems, Inc. ("ASI") to conduct the revaluation. ASI's project manager, Robert Brescia, had the responsibility for oversight of all aspects of the revaluation. As part of the revaluation process, Alex Kohatsu of ASI performed a property inspection of the interior and exterior of the Subject Property. It is unknown if the site managers of the property had notice of the inspection. The Subject Property is a shopping mall open to the public, and the inspector gained access and entered the interior on his own with permission of the tenants.

As part of ASI's contractual obligations, ASI conducted a program of taxpayer orientation and education regarding the revaluation program.[3] As part of this effort, ASI mailed introductory and explanatory letters to all taxpayers. ASI President Rick DelGuercio testified that these letters contained information about the upcoming revaluation, contact information for questions from taxpayers, and an informational brochure for taxpayers. This information also existed for taxpayers on ASI's website, and the Township website contained information directing taxpayers to ASI's website for questions regarding the revaluation assessments.

As part of concluding the revaluation process, Mr. DelGuercio sent a letter to Plaintiff on March 9, 2022 notifying them of the change in assessment. The appraiser sent the letter to "Tonnelle Center LLC, PO Box 180240, Brooklyn, NY 11218." Township's files list the same address, and Township has sent and Plaintiff has received other tax correspondence at this address,

---

[3] N.J.A.C. §18:12-4.8 (a)(11) requires that firm contracts with municipalities include provisions to inform and educate the taxpayers about the revaluation process. The code requires that firms hold press releases describing the purpose and nature of the revaluation, hold meetings with public groups in the community, and send mailings to all property owners explaining the nature and purpose of the revaluation and setting forth a proposed date for inspection commencement.

such as the Township's Chapter 91[4] requests. The March 9, 2022 letter was not returned undelivered.[5]

The March 9, 2022 letter stated that because of the revaluation, Subject Property's assessment would increase from $12,554,400 in tax year 2021 to $118,393,600 in tax year 2022. The letter also calculated the change in tax payable as an increase from $734,809 in tax year 2021 to $1,828,074 in tax year 2022. The letter concluded by notifying the Plaintiff that it could discuss the market value and new assessment by contacting ASI within seven business days of receipt of the letter.

On March 11, 2022, Mr. Brescia emailed both Township assessor, Edward Giunta, and president of MicroSystms-nj.com,[6] William Raska (the Township's contractor for mailing Chapter 75[7] assessment cards), and advised them that ASI had concluded the revaluation. Mr. Raska replied by inquiring whether he could now send the Township taxpayers their 2022 tax assessment

---

[4] N.J.S.A. 54:4-34 grants assessors the right to request a full and true account of income from income-producing property. This request is commonly called a Chapter 91 request.

[5] Plaintiff's counsel made a discovery request of Township to produce Chapter 75 cards that were undeliverable and returned to the Township assessor, but the Township did not produce any. Township assessor testified that when a Chapter 75 card is returned and the Township cannot deliver it, the card is placed in the Township's file for the property. Township would be required to review each individual file, which would be over 12,000 files, to determine how many Chapter 75 cards were returned for tax year 2022.

[6] MicroSystems-NJ.com, L.L.C. is an information systems tax assessment software company located in in Bridgewater, New Jersey that provides tax software and support to multiple counties in NJ.

[7] N.J.S.A. 54:4-38.1 requires that assessors notify by mail each taxpayer of the current assessment and the preceding year's taxes. Assessors commonly send postcards with the required information to taxpayers. These cards are commonly called Chapter 75 assessment cards.

(Chapter 75) cards. Mr. Brescia spot checked several cards by confirming that the mail merge pulled the correct information for the cards and then gave his approval to mail out the cards.

Thereafter, Mr. Raska prepared the Township 2022 Tax List and created files with the information/values for each of the properties in the Township for Chapter 75 card mailing. The Tax List and the card proofs were posted on the www.msnj.us website.[8] The card proofs consisted of 100 cards representing the highest valued properties in the Township. The Chapter 75 card associated with the Subject Property was number 16 in that group.

The Township assessor subsequently advised Mr. Raska that he reviewed the information and approved it. Mr. Raska then authorized the preparation of the Chapter 75 assessment cards. On March 12, 2022, the printer sent Mr. Raska, for his review, a PDF file with the 12,277 Chapter 75 assessment cards postcards for mailing to Township property owners.[9] Mr. Raska copied the PDF file to his server and ran a program that compares each card with the data file sent to the printer. To further verify accuracy, the program also produces the total number of cards and the total assessed value for the Township. Mr. Raska verified that the total assessed value matched the Tax List. Plaintiff's Chapter 75 assessment card was identified as number 17,840 in the printer's PDF file. Satisfied that the Chapter 75 assessment cards for the Township were accurate, Mr. Raska authorized the printer to print and bulk mail the Township's 2022 assessment postcards.

On March 16, 2022, the printer mailed the 12,277 assessment postcards to the owners of record for the Township properties, which included the Subject Property, and certified to Mr. Raska that they mailed the cards on that date. Any card sent back as undeliverable would be

---

[8] MicroSystems-NJ.com, L.L.C.

[9] Mr. Raska at the same time was also preparing Chapter 75 assessment cards for other municipalities that contracted with MicroSystems-NJ.com, L.L.C.

returned to the Township assessor, as per the return address. To verify that the printer actually and successfully mailed the cards, Mr. Raska had a "test" card sent to his home, which he received on March 18, 2022. The assessment card for the Subject Property was not sent back to the assessor as undeliverable. Mr. Raska also prepared the Certification of Mailing for Mr. Giunta stating that the bulk mailing for the Township was completed on March 16, 2022.

Plaintiff is a limited liability company owned by Weiss Realty & Management. The company owns approximately twenty or more properties in New Jersey and New York; has its main office location in Brooklyn, New York; and has a mailing address of PO Box 180240, Brooklyn, NY 11218. Weiss Realty & Management acquired the Subject Property through Plaintiff in 2015 and has used this post office box as the mailing address of record for the Subject Property since that time.

Plaintiff has received other tax communications through the mail from the Township with respect to the Subject Property; however, it claims that it never received the March 9, 2022 correspondence from ASI setting forth the revaluation assessment, nor the Township assessment postcard sent via bulk mail on March 16, 2022. Plaintiff further alleges that it first received notification of the change in the tax assessment when the bank contacted Weiss Realty & Management on August 9, 2022. Lastly, it claims that it did not receive any tax assessments or similar documentation for tax year 2022 until the middle of August, when it received the 2022 tax bill for the Q3 and Q4 taxes.

Plaintiff's procedure for receipt of property tax related mail involves three individuals. Israel Silber, an employee of Plaintiff, possesses the key to the post office box and physically retrieves the mail from the post office on Mondays and Thursdays. While Mr. Silber collects the mail, he does not open it nor sort it. He only delivers the mail to the lobby receptionist, Toby

6

Goldberger. Although Mr. Silber testified that only mail for Plaintiff is delivered to PO Box 180240, other witness testimony disputes this. Both of Plaintiff's other witnesses testified that PO Box 180240 is the mailing address for all of Weiss Realty & Management's incoming mail.

Upon receipt of the mail from Mr. Silber, Ms. Goldberger sorts the mail according to property name. She removes all bank checks (usually rental fees) and readies them for accounting. She then gives all other mail to Weiss Realty & Management's office manager, Miriam Mayer. Ms. Goldberger has handled, retrieved, and processed all mail addressed to PO Box 180240 since Weiss Realty & Management hired her in 2018. She has personally seen and sorted property tax assessment cards for the various Weiss properties, and she has always delivered non-check mail to Ms. Mayer for further handling. She does not make any record or log of the mail that is delivered for each property.

Ms. Goldberger has had past issues with mail addressed to PO Box 180240. She believes mail has been lost because tenants reported having mailed rent checks to Weiss Realty & Management, but Ms. Goldberger did not receive those checks. No tenants reported to Ms. Goldberger that they had any rent checks returned to them.

Weiss Realty & Management office manager Ms. Mayer has the responsibility for handling all tax related documentation for the Weiss Realty & Management properties, which includes the Subject Property. In addition to the Subject Property, Weiss Realty & Management manages four other properties in New Jersey. Ms. Mayer maintains an electronic file for each property into which Ms. Mayer scans correspondence when she receives it. She has received mail from the Township addressed to the P.O. Box prior to the 2022 tax year; however, the assessment card for neither tax year 2021 nor tax year 2022 exists in Plaintiff's electronic file.

Every year, Ms. Mayer forwarded each assessment card she received for Weiss Realty & Management to the attorney representing Weiss Realty & Management for each specific property for their consideration and advice. She does not make any decision to appeal property tax assessments herself. The last communication Ms. Mayer recalls receiving from the Township prior to August 2022 was a July 9, 2021 Township Chapter 91 request to Plaintiff, which Ms. Mayer responded to on July 26, 2021. Ms. Mayer stated that she did not have any knowledge of a Township revaluation, nor of the increase in assessment until the bank contacted her on August 9, 2022; however, she did state that she was aware of the times of the year when the Township sent tax information, like the Chapter 75 cards, to the taxpayers.

Ms. Mayer could not provide any substantive information regarding ASI's interior and exterior inspection of the Subject Property during the revaluation process. She assumed that those arrangements were made directly with the site managers for the Subject Property.

On August 9, 2022, Ms. Mayer received an email from the bank notifying her that the tax escrow account for the Subject Property was substantially underfunded. She relayed the information to her staff, and she mentioned that they should have had a "freeze" (of the assessment) on the property. Subsequently, Ms. Mayer immediately contacted Weiss Realty & Management's tax attorney for the Subject Property. Ms. Mayer received a tax bill for the Q3 and Q4 taxes on the Subject Property in the middle of August 2022.

On August 12, 2022, Plaintiff filed its complaint with the court. On August 25, 2022, Township's counsel confirmed the complaint filing date with Plaintiff's counsel and subsequently filed this motion with the court on September 16, 2022.

## II.     Conclusions of Law

N.J.S.A. 54:3-21(a)(1) prescribes the procedure for appealing a property assessment by a taxpayer or taxing district that either feels aggrieved by the assessed valuation of property or feels discriminated against by the assessed valuation of other property. N.J.S.A. 54:3-21(a)(1) provides, in relevant part, that:

> A taxpayer feeling aggrieved by the assessed valuation…of the taxpayer's property…, or feeling discriminated against by the assessed valuation of other property in the county…In a taxing district where a municipal-wide revaluation…has been implemented…may appeal before or on May 1 to the county board of taxation by filing with it a petition of appeal or, if the assessed valuation of the property subject to the appeal exceeds $1,000,000, by filing a complaint directly with the tax court.
>
> [N.J.S.A. 54:3-21(a)(1)]

Thus, a necessary predicate to challenging the assessed value of revalued property requires that the aggrieved party file a petition of appeal with the county board of taxation or a direct appeal with the Tax Court by May 1. The "timeliness of a tax appeal is critical." Prime Accounting Dept. v. Township of Carney's Point, 212 N.J. 493, 507 (2013). The "[f]ailure to file a timely appeal pursuant to N.J.S.A. 54:3-21[] . . . is a fatal jurisdictional defect requiring dismissal of the complaint." Regent Care Ctr. V. City of Hackensack, 18 N.J. Tax 320, 324 (Tax 1999).

Failure to file a timely complaint divests this court of jurisdiction even in the absence of harm to the municipality. Lawrenceville Garden Apartments v. Twp. Of Lawrence, 14 N.J. Tax 285, 288 (App. Div. 1994). In tax matters, strict adherence to statutory filing deadlines is of particular concern given the "exigencies of taxation and the administration of local government." F.M.C. Stores v. Borough of Morris Plains, 100 N.J. 418, 424 (1985) (citing Princeton Univ. Press v. Borough of Princeton, 35 N.J. 209, 214 (1961)). "The policy of applying strict time limitations

to tax matters is based upon the very nature of our administrative tax structure." Galloway Twp. V. Petkevis, 2 N.J. Tax 85, 92 (Tax 1980).

"On the issue of adequacy of notice, as on other issues raised by a plaintiff to excuse a late filing and thereby avoid a limitation of the action the burden of proof is on the plaintiff." Southway, Peter & Lena v. Wyckoff Twp., 20 N.J. Tax 194, 200 (Tax 2002).

Plaintiff argues that the Defendant's motion should be denied because, despite its well-established procedure for processing the receipt of mail, Plaintiff never received notice of the change in assessment until August 9, 2022. Plaintiff maintains that equity and due process considerations permit the court to extend the tax appeal filing deadline promulgated under N.J.S.A. 54:3-21.

In New Jersey, a presumption arises that properly addressed, stamped, and posted mail "was received by the party to whom it was addressed." SSI Medical Servs. V. HHS, Div. of Medical Assistance & Health Servs., 146 N.J. 614, 617 (1996); see also Bruce v. James P. MacLean Firm, 238 N.J. Super. 501, 505, (Law Div.), aff'd o.b., 238 N.J. Super. 408 (App. Div. 1989); Tower Management Corp. v. Podesta, 226 N.J. Super. 300, 304 n. 3, (App. Div. 1988), Cwiklinski v. Burton, 217 N.J. Super. 506, 509-10 (App. Div. 1987). The following conditions serve to establish the presumption: (1) that the mailing was properly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office. SSI Medical Servs. V. HHS, Div. of Medical Assistance & Health Servs., 146 N.J. 614, 617 (1996).

This presumption may be demonstrated through the submission of evidence "of habit or routine practice," but "evidence of office custom requires other corroboration that the custom was followed in a particular instance in order to raise a presumption of mailing and receipt and meet

10

the preponderance of the evidence standard." Where "items mailed on a daily basis are voluminous," and it is difficult to obtain proof of whether the routine procedure or custom was followed "on a given day," credible corroborating proof can create a "reasonable inference that the custom was followed on the given occasion," which can "suffice to establish proof of mailing." Id. at 624. A court must weigh the credibility of such corroborative evidence to decide "whether it meets the preponderance of the evidence standard," and whether it "raises a presumption of mailing and receipt." Id. at 624 n.1. Thus, courts will accept a "lower standard of proof" such as for instance, proof of "bulk processing and mailing." Davis & Assocs., LLC v. Stafford Twp., 18 N.J. Tax 621, 627-628 (Tax 2000).

Several Tax Court decisions address exception to the filing deadline established by N.J.S.A. 54:3-21.

In Centorino v. Tewksbury Tp., 18 N.J. Tax 303 (Tax 1999), due to an error in the municipality's mailing system, the taxpayer did not receive notice of an increased property assessment for 1998 until August 1. The property assessment had increased to $601,900 from the previous year's assessment of $492,100. The taxpayer contacted the tax assessor and filed an appeal, which the municipality rejected as untimely. The taxpayer subsequently filed a complaint with the Tax Court challenging the assessment. Id. at 308. The municipality contended that it mailed the assessment to the correct address; however, it conceded that it addressed the notice to the attention of the prior owner. Id. at 307. The taxpayer contended that she never received notice, nor did she receive anything addressed to the previous owner. Id. at 309. The court found that the taxpayer never received the notice of assessment prior to August 1998. Id. at 310. The court held that "[u]nder these unique facts and circumstances, the principles of due process necessitate the

extension of the filing deadline so that the taxpayer is not denied access to the court and the opportunity for a hearing on her appeal." Id. at 320.

In City of East Orange v. Livingston Township, 27 N.J. Tax 161 (Tax 2013), the defendant imposed local property tax assessments on properties known as the East Orange Water Reserve. During the tax years at issue, notices of assessment were forwarded to the City of East Orange using two different mailing addresses. Plaintiff asserted that the assessments were excessive, erroneous, and unconstitutional, and that plaintiff never received the notices of assessment because they were incorrectly addressed. Defendant maintained that none of the assessment notices was returned as undeliverable. The court highlighted that the deadline to file an appeal with the county board of taxation or Tax Court was the later of April 1 or 45 days from the date the taxing district completes the bulk mailing. However, the court noted that "[w]here a taxpayer fails to receive such notice, and based on the facts of each case, courts have extended the appeal filing deadlines set forth in N.J.S.A. 54:3-21, not only due to the statutory mandate, but also because lack of notice implicates due process concerns." Id. at 169 (citing Centorino, supra, 18 N.J. Tax at 316).

The court highlighted that defendant's notices of assessment contained several deficiencies in the recipient address and, thus, did not necessarily support a conclusion of mail delivery. However, the court stated that the plaintiff gained actual knowledge of the assessments sometime between June 2009 and September 2009, when it received the tax bills during a meeting with defendant's assessor. Plaintiff allowed roughly 18 months to pass after receiving actual notice of the assessments and failed to file appeals challenging the assessments on the properties until December 2010. Concluding that the court lacked subject matter jurisdiction over the taxpayer's complaint under N.J.S.A. 54:3-21, the court observed that in considering the due process

implications of the alleged failure to receive the notices of assessment, "actual notice is relevant." Id. at 171 (citing Olde Orchard Village Condo Apartments, Inc. v. Township of Pequannock, 21 N.J. Tax 275, 282 (Tax 2004)).

In Davis Assocs., L.L.C. v. Stafford Tp., 18 N.J. Tax 622 (Tax 2000), after development approval, one of two lots owned by plaintiff suffered an increased assessment of $205,900 to $3,560,000. There was a clear factual dispute over receipt of the assessment notices. The court found sufficient proof of mailing by the assessor and that, accordingly, a presumption of receipt had been established. It further found the evidence presented by the taxpayer insufficient to rebut the presumption. On the assumption that notice was not actually received, the court considered the taxpayer to be a "sophisticated real estate development company which owns properties and operates commercial enterprises in a number of municipalities." Id. at 634. Prudent business practice, the court concluded, would have dictated inquiry to the assessor in February or March in the absence of assessment notices. In these circumstances, the court found no basis to extend the filing period beyond April 1 and dismissed taxpayer's complaint filed on August 18.

In Southway, Peter & Lena v. Wyckoff Twp., supra, 20 N.J. Tax 194 (Tax 2002), the taxpayer maintained that they did not receive notice of the increased tax assessment on their property until they received their tax bill in July; therefore, the taxpayers argued that they timely filed their petition of appeal with the county board of taxation in August. In rejecting the taxpayer's claim, the court found that a presumption of receipt attached to defendant's mailing of the notice of assessment. The court noted that the Plaintiff "had over forty years of experience in banking and is presumably careful and attentive to financial questions," but also accepted that Plaintiff honestly never learned of the assessment change until July. Id. at 199. Accordingly, because the taxpayers shouldered the burden of proving non-delivery of the notice of assessment and failed to

rebut that presumption by a reasonable preponderance of the evidence, the court held that the taxpayer's complaint must be dismissed.

Considering the relevant statutes, applicable case law, and the court's findings of fact, the court finds that the Township has met the presumption of receipt by Plaintiff.

The Township tax assessor completed, and properly certified, the bulk mailing on March 16, 2022. The Township produced a copy of the Chapter 75 assessment card sent to Plaintiff, which demonstrated that it was addressed to "Tonnelle Center LLC," and sent to the mailing address of record, PO Box 180240, Brooklyn, NY 11218. Furthermore, the bulk mailing card sent to Plaintiff was not returned to the Township assessor as undelivered. Plaintiff received other mailings from the Township, both prior to and after March, April, and May of 2022, sent in the same manner. Additionally, ASI, the appraiser hired by the Township to conduct the municipal-wide revaluation, sent multiple communications to all taxpayers in the Township, including Plaintiff. Specifically, ASI mailed an introductory explanatory letter about the revaluation, and ASI mailed the March 9, 2022 letter to Plaintiff notifying them of the change in assessment. None of these communications was returned as undelivered.

Plaintiff's witnesses outlined an organized and efficient office procedure for the handling of mail. Weiss Realty & Management manages real property as its business. Properly handling real property tax is a crucial component of that business. The office manager is aware of the approximate times of year that various important tax documents are received. Specifically, she is aware that assessment cards are received early in the year, final tax bills are usually received in August, and Chapter 91 requests are received later in the year. She has a lengthy history of working with tax appeal counsel and is aware of New Jersey's Freeze Act.

The court does not question that Ms. Mayer honestly was not aware of the increased assessment and increased tax bill until August 2022. The court finds it unfortunate that she did not notice the absence of the Subject Property's assessment card in early 2022, but the court also finds it problematic that her file on the Subject Property does not contain the 2021 assessment card nor any correspondence from ASI. The court additionally finds it perplexing that Plaintiff's employees track and follow-up on income related mail, such as rent checks, but do not have a procedure to ensure receipt of time sensitive expense documents, such as tax assessments, especially considering a history of reported problems with mail delivery. As in other cases, Plaintiff's sophistication with respect to assessment procedures remains relevant.

The procedures undertaken by the Township assessor and the revaluation firm were testified to in detail during the R. 1:6-6 plenary hearing. The Township took steps to confirm that a Chapter 75 card had been prepared for each property, to verify the accuracy of the data recited, and to verify the correctness of the addresses. Certain categories of cards, including the card for the Subject Property, were identified for special treatment. The bulk mailing of the cards included a test card that was sent to Mr. Raska, which was successfully delivered. The card for the Subject Property was printed with the correct return address and the Subject Property's card was not returned. This supports the findings enumerated that establish mailing in SSI Med. Servs., supra and that give rise to a presumption of receipt.

As described in Southway, the evidence in this case is consistent with two separate and distinct conclusions: either the bulk mailing card and the March 9, 2022 letter from ASI addressed to Plaintiff were lost in the mail transit system prior to ever reaching PO Box 180240, Brooklyn, NY 11218; or both the March 16, 2022 bulk mailing card and the March 9, 2022 letter from ASI

were misplaced or lost after Mr. Silber opened the PO Box and retrieved Weiss Realty & Management's mail.

The court notes that the Township concedes that Plaintiff did not have actual notice of the new assessment resulting from the revaluation. However, evidence exists of perceived problems with mail delivery to the post office box, and with the filing of relevant and important documents in Plaintiff's property file. If this caused the lack of actual notice, it does not overcome the inference of implied notice of the annual tax assessment.

Considering the presumption of delivery and the applicable burden of proof, the court must decide whether the Township's motion to dismiss the complaint for untimely filing should be granted.

The court considered the fact that ASI's inspector conducted the interior and exterior inspection of the Subject Property without the attendance of any representative of Plaintiff. Had Plaintiff participated in the inspection, Plaintiff clearly would have known that a revaluation had been taking place. Knowledge of a revaluation would have heightened awareness of a potential increased assessment, especially to a real estate management company. However, review of the N.J.A.C. 18:12-4.8(a) reveals no requirement that Plaintiff be advised of an inspection. It only requires that the inspection occur. It states as follows:

> **9.** The inspection of each property shall be performed in the following manner:
> **i.** No less than three attempts shall be made to gain entry to each property;
> **ii.** If successful entry has not been made after the first attempt, a card shall be left at the property indicating a date when a second attempt to gain entry will be made;
> **iii.** The card shall include a phone number and address to permit the property owner to contact the firm to make other arrangements, if necessary;
> **iv.** If entry is not possible upon the second visit, written notice shall be left advising that an assessment will be estimated unless a mutually convenient arrangement is made for a third visit to gain access to the property;
> **v.** The firm shall schedule inspections during reasonable hours which shall include evenings and Saturdays; and

**vi.** The assessor shall be notified in writing of each failure to gain entry to a property and a list of all non-entries and reasons for same shall be provided to the assessor prior to the mailing of values.

N.J.A.C. §18:12-4.8 (a)(9) (Lexis Advance through the New Jersey Register, Vol. 55 No. 3, February 6, 2023).

The contract between ASI and the Township reflects the language in the administrative code. While the court cannot make a definite finding of fact concerning whether the Chapter 75 assessment card or ASI's March 9, 2022 letter were received, Township presented sufficient credible evidence for a presumption of receipt to attach to the mailing of the Chapter 75 notice of assessment to Plaintiff for tax year 2022. Conversely, Plaintiff has not offered sufficient evidence to rebut the presumption of mailing. Because Plaintiff bears the burden of proving the non-delivery of the Chapter 75 notice for tax year 2022 and has failed to offer sufficient evidence to carry such burden, the court cannot excuse Plaintiff's untimely filing.

In McMahon, supra, 195 N.J. at 542-543 (2008), our Supreme Court declared the Tax Court a "court of limited jurisdiction." The court's "jurisdiction is constrained by the language of its enabling statutes." Prime Accounting Dept., supra, 212 N.J. at 505. The statutory jurisdiction conferred on the court is expressed, in part, as the authority "to review actions or regulations with respect to a tax matter of. . . [a] county board of taxation; . . . [a] county or municipal official." N.J.S.A. 2B:13-2. Strict compliance with filing deadlines is a condition precedent to conferring jurisdiction on the court to review county board of taxation judgments. The "failure to file a timely appeal is a fatal jurisdictional defect." F.M.C. Stores Co., supra, 100 N.J. at 424-25. Accordingly, the court concludes that it lacks subject matter jurisdiction under N.J.S.A. 54:3-21 in this matter and grants Defendant's motion to dismiss Plaintiff's Complaint.

## III.   <u>Conclusion</u>

The court finds that the Township properly established the presumption of receipt of the 2022 bulk mailing card and the notification of change in assessment card bulk mailed on March 16, 2022. The court further finds that Plaintiff did not present sufficient evidence to overcome the presumption of receipt. Since Plaintiff bears the burden of overcoming the presumption, the court cannot excuse the untimely filing. For these reasons, the court grants the Township's motion to dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under <u>N.J.S.A.</u> 54:3-21. The court will enter an Order dismissing Plaintiff's Complaint.

Very truly yours,

/s/ Hon. Mary Siobhan Brennan, J.T.C.