31 N.J. Super. 124 (1954)
105 A.2d 916
HADDON HILLS APARTMENTS NORTH, PETITIONER-APPELLANT,
v.
TOWNSHIP OF HADDON, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 1, 1954.
Decided June 14, 1954.
*125 Before Judges JAYNE, STANTON and HALL.
Mr. William C. Gotshalk argued the cause for the appellant (Mr. R. Cooper Brown, attorney).
Mr. William J. Shepp argued the cause for the respondent.
The opinion of the court was delivered by STANTON, J.S.C. (temporarily assigned).
This is an appeal from a judgment of the Division of Tax Appeals affirming the action of the Camden County Board of Taxation in dismissing an appeal from an added assessment on the ground that it was not taken within time.
On October 1, 1948, the assessing date, there were no buildings on the land of the appellant in the Township of Haddon. Thereafter the appellant commenced the construction of a housing unit of 62 buildings. Pursuant to N.J.S.A. 54:4-63.3, the board of assessors of the township on its finding that the buildings had been completed before October 1, 1949, levied an added assessment as of that date on the buildings for the months of October, November and December, 1949.
*126 N.J.S.A. 54:4-63.11 provides that appeals from added asessments shall be made to the county board of taxation on or before December 1 of the year of levy.
Under N.J.S.A. 54:4-63.5 the assessor is required to file the added assessment list and duplicate thereof on October 1 of the tax year with the county board of taxation, which in turn is required to act on such list on or before October 10 and within that time cause the corrected, revised and completed duplicates thereof to be delivered to the collectors of the various taxation districts in the county.
The assessors of the respondent did not file their list of added assessments with the county board until October 4, 1949, and that body did not complete the action required of it until November 1, 1949, when it certified the added assessment lists to the collectors of all the taxing districts in the county.
The appellant filed its petition of appeal to the Camden County Board of Taxation on December 1, 1950. That board and the Division of Tax Appeals have held that it should have been filed not later than December 1, 1949.
The appellant makes this contention:
"It is true that the `Taxing Year' or `Levy Year' runs from January 1st to December 31st, but the `Assessment Year' runs from October 1st to October 1st. Thus, for added assessments made from October 1, 1948 to October 1, 1949, the Petitioner-Appellant had until December 1, 1949 to file an appeal and for assessments made from October 1, 1949 to October 1, 1950, they had until December 1, 1950."
It thus concedes that if the added assessment had been filed on October 1, 1949, the deadline for its appeal would have been December 1, 1949. However, it argues that because of a three-day delay in filing the added assessment list it should have an additional year within which to file its appeal. It offers no authority whatever to support this contention.
The filing of an added assessment list three days late is an irregularity which does not invalidate any assessment contained thereon. N.J.S.A. 54:4-58 provides:
*127 "No tax, assessment or water rate imposed or levied in this state shall be set aside or reversed in any action, suit or proceeding for any irregularity or defect in form, or illegality in assessing, laying or levying any such tax, assessment or water rate, or in the proceeding for its collection if the person against whom or the property upon which it is assessed or laid is, in fact, liable to taxation, assessment or imposition of the water rate, in respect to the purposes for which the tax, assessment or rate is levied, assessed or laid."
This section has its source in L. 1881, c. 157, p. 194. Speaking of this in Conover v. Honce, 46 N.J.L. 347 (E. & A. 1884), Chief Justice Beasley said:
"As I read that act, its effect is to destroy, root and branch, the power to defeat such a proceeding except upon a meritorious ground. If the person or the property be not taxable, the process of appeal and certiorari retain their usual efficacy, but, touching forms and irregularities of procedure, they have been stripped of all force whatever. In fact, the statute, in very terms, declares that such shall be its effect."
This view has been reiterated by the former Court of Errors and Appeals in Becker v. Mayor, &c., of Little Ferry, 126 N.J.L. 338 (1941), and Ridgewood Elks Holding Corp. v. Village of Ridgewood, 127 N.J.L. 295 (1941).
N.J.S.A. 54:4-63.7 which, among other things, requires the collector of the taxing district to mail or otherwise deliver tax bills to individuals assessed for added assessments at least one week before November 1, contains this proviso:
"The validity of any added tax or assessment or the time at which it shall be payable shall not be affected by the failure of a taxpayer to receive a tax bill but every taxpayer is put upon notice to ascertain from the proper official of the taxing district the amount which may be due for taxes or assessments against him or his property for added assessments."
The proofs in this case are that two of the three members of the board of assessors of the respondent visited the buildings in question in September 1949, and in the company of a representative of the appellant examined all the buildings. The appellant not only had the knowledge that all *128 taxpayers have that added assessments for new or improved buildings may be made as of October 1 of each tax year, but it also was aware of the inspection made by the assessors for the very purpose of fixing such an added assessment.
We find here a valid added assessment upon which all required official action had been completed on November 1, 1949. The year of the levy of this assessment was 1949 and under the clear terms of the statute the last day upon which an appeal might have been taken therefrom was December 1, 1949. It follows therefore that the filing of the appeal one year later was fatally defective and was properly dismissed.
The judgment of the Division of Tax Appeals is affirmed.