CRABTREE, J.T.C.
This is a local property tax case wherein plaintiff seeks review, by way of verified complaint and order to show cause, *261 of the action taken by defendant in imposing an added assessment for a portion of tax year 1986 on property occupied by plaintiff pursuant to a net lease.
The order to show cause seeks additional time to appeal the added assessment. Defendant moves to dismiss plaintiffs complaint for untimely filing.
The facts essential to a disposition of the issues raised by the order to show cause and defendant’s motion are not in dispute.
Plaintiff operates a dam and hydroelectric power plant located on the Passaic River in the defendant municipality on land known as portions of Block 3.14, Lot 9, Block 3.16, Lot 1 and Block 3.17, Lot 1 as shown on the Clifton tax map. Plaintiff is the sole occupant of the subject property under a lease with its owner, the Dundee Water Power and Land Company. Under the lease plaintiff is required to pay all real estate taxes and is authorized to contest those taxes.
On or about December 11, 1986 plaintiff’s lessor received an undated tax bill pertaining to an added assessment for Block 3.14, Lot 9 in the amount of $1,185,600, prorated for eight months of 1986. The due date of the tax shown on the bill was December 31, 1986. The bill also bore the printed notation, “Appeals from added assessments shall be made to the County Board of Taxation on or before December 1st of the year levy [sí'c ].” Plaintiff did not receive the tax bill until December 22, 1986.
Defendant’s assessor did not file the added assessment list until approximately November 13, 1986; and the list was not certified by the county board nor delivered to defendant’s tax collector until sometime on or after November 14, 1986.
By letter of December 16, 1986 the Director, Division of Taxation, through the Local Property Branch, purported to extend the time for filing appeals from defendant’s added or omitted assessments with the Passaic County Board to December 31, 1986. The county board, in turn, notified defendant’s assessor of this extension by letter of December 18, 1986. Neither plaintiff nor plaintiff’s lessor received notice of such extension prior to December 31,1986. Plaintiff, having learned *262 of the extension after the latter date, applied to the county board on or about February 3, 1987 for a further extension of the appeal time but its application was rejected on February 10, 1987.
Beginning in April 1986, representatives of defendant’s assessor’s office engaged in discussions and communications with plaintiff’s representative concerning the added assessment in question.
Plaintiff’s complaint was filed with this court on February 17, 1987.
Defendant moves to dismiss plaintiff’s complaint on the ground of untimely filing with this court. Defendant argues that the action complained of is that taken by the county board in certifying the added assessment list on November 14, 1986; that N.J.S.A. 2A:3A-4.1(a) and R. 8:4-1(a)(2) require that a complaint be filed with this court within 45 days of the action sought to be reviewed; and since the complaint was filed more than 45 days following November 14, 1986 this court lacks jurisdiction. Defendant cites Jackson Tp. v. Marsyll of B.B. Inc., 3 N.J.Tax 386 (Tax Ct.1981) and Hi-Nella Assocs. v. Hi-Nella, 3 N.J.Tax 414 (Tax Ct.1981) in support of its position.
Defendant’s argument is unsound. The action to be reviewed by this court is the action of the county board on February 10, 1987 rejecting plaintiff’s application for an extension of the appeal time. Also under review is the failure of the county board, in the exercise of its administrative authority, to correct the illegal action of the assessor as well as its own improper action in certifying the added assessment list well beyond the time provided by law. Indeed, all actions taken before February 10, 1987 by the municipality, the county board and the Director were in derogation of the statutory requirements respecting added assessments. These derelictions are all properly reviewable in this court pursuant to its ancillary jurisdiction. Village Supermarkets, Inc. v. West Orange Tp., 106 N.J. 628, 634, 525 A.2d 323 (1987).
N.J.S.A. 54:4-63.3 empowers the assessor to make a prorated added assessment with respect to any structure erected, added *263 to or improved between January 1 and October 1 of the tax year. N.J.S.A. 54:4-63.5 directs the assessor to file his added assessment list with the county board on October 1 of the tax year, whereupon the county board meets and, after examining and possibly revising or correcting the list, delivers the duplicate of the list to the tax collector on or before October 10. The collector is required by N.J.S.A. 54:4-63.7 to deliver the tax bill for each added assessment “at least one week before November first.” The same statute provides that the “validity of any added tax or assessment or the time at which it shall be payable shall not be affected by the failure of a taxpayer to receive a tax bill.” N.J.S.A. 54:4-63.8 provides that taxes imposed under added assessments are payable November 1 of the tax year; and after that date they are delinquent. Finally, under N.J.S.A. 54:4-63.11 appeals from added assessments must be filed with the county board on or before December 1 of the tax year and the county board is required to hear all those appeals by December 31. Appeals to the Tax Court from county board judgments must be filed within 45 days thereafter.
Here, the added assessment was not made until November 13, 1986, some six to seven weeks after the date prescribed by N.J.S.A. 54:4-63.5. The county board did not deliver the certified duplicate of the added assessment list to the tax collector until November 14, 1986 or thereabouts, well after the date mandated by statute. The tax collector was thus unable to deliver the tax bill one week prior to November 1 as required by N.J.S.A. 54:4-63.7. Indeed, the property owner, plaintiffs lessor, did not receive the tax bill until December 11, 1986, ten days after expiration of the time for appeal to the county board as provided in N.J.S.A. 54:4-63.11.
The action of the Director extending the time for filing appeals to the county board regarding the municipality’s added or omitted assessments was purportedly taken in accordance with N.J.S.A. 54:3-21.4 and N.J.A.C. 18:12-5.1. The statute and regulation cited in support of the Director’s action deal *264 with extensions of time for appeals to the county board when tax bills are not delivered prior to July 15 of the tax year. Neither the statute nor the regulation deals with appeals from added or omitted assessments. As indicated above, the tax collector is given until October 25 of the tax year to deliver the tax bill for an added assessment. Accordingly, the Director’s action in purporting to extend the appeal time with respect to added or omitted assessments was not authorized by law.
I conclude from the foregoing that defendant, the county board and the Director did not comply with the added assessment statutes. The added assessment is therefore invalid.
Defendant, however, is not left without a remedy. Where, as in this case, the taxing district has failed to comply with the statutory requirements concerning added assessments, that failure can be corrected by use of the omitted assessment statutes. Appeal of N.Y. State Realty & Terminal Co., 21 N.J. 90, 121 A.2d 21 (1956). See Springfield Tp. v. Garner, 3 N.J.Tax 92 (1981); Boardwalk Properties v. Atlantic City, 5 N.J.Tax 192 (1983).
In view of the foregoing, defendant’s motion to dismiss plaintiff’s complaint will be denied; and the added assessment is set aside.
The Clerk of the Tax Court will enter judgment in accordance with this opinion.