SMALL, J.T.C.
This is an appeal from the 1990 added real property tax assessment made by Hasbrouck Heights (“defendant”) with respect to Block 127.2, Lot 1 owned by plaintiff, Venture 17. Defendant has moved to dismiss the complaint as being out of time. Plaintiff has cross-moved to void the added assessment.
The record indicates that sometime in September 1990, Hasbrouck Heights filed its added assessment with the Bergen County Board of Taxation. On October 10, 1990, a print-out of that list, which was the county board’s certification of the assessments, was also certified by the Hasbrouck Heights assessor. On October 14, 1990, the tax bill was sent to the taxpayer at its last known address. An appeal was filed with the Bergen County Board of Taxation on January 25, 1991. The county board’s judgment dismissing that complaint for late filing was entered on January 29,1991. The action in this court followed.
The valuation date for real property taxes due in any year is October 1 of the year prior to the tax year. N.J.S.A. 54:4-23. Assessments are made and tax bills are sent by July 1 of the tax year. N.J.S.A. 54:4-64. Improvements which are erected, added, or improved after October 1 of the pre-tax year are taxed separately as added assessments. N.J.S.A. 54:4-63.2 and -63.3.
*154 The procedures for making and appealing added assessments are prescribed in detail by statute. N.J.S.A. 54:4-63.1 to -63.11. See American Hydro Power Partners v. Clifton, 9 N.J.Tax 259, 262-263 (Tax Ct.1987), aff’d 239 N.J.Super. 130, 570 A.2d 1246 (App.Div.1989). The added assessment list must be filed by the assessor on or before October 1 of the tax year. On or before October 10, the county board must certify and deliver to municipal tax collectors duplicates of the added assessment lists which remain on file as public records at the county board of taxation. N.J.S.A. 54:4-63.5. Added assessment tax bills must be delivered to the property owners at least one week before November 1. N.J.S.A. 54:4-63.7. The statute specifically states:
The validity of any added tax or assessment or the time at which it shall be payable shall not be affected by the failure of a taxpayer to receive a tax bill but every taxpayer is put upon notice to ascertain from the proper official of the taxing district the amount which may be due for taxes or assessments against him or his property for added assessments. [N.J.S.A. 54:4-63.7; emphasis supplied]
Appeals of added assessments to the county board must be filed on or before December 1. Appeals from the county board’s determination (which must be made within 30 days of the filing with the county board) must be filed in the Tax Court within 45 days of the county board’s final determination. N.J.S.A. 54:4-63.11.
The taxpayer had moved its office, in August 1990, from Whitestone, New York to Jericho, New York, and sometime between August and November 1990, Venture 17 moved again. On November 2, 1990, plaintiff claims to have sent a letter informing the tax assessor’s office of its move to Syosset, New York. It should be noted that this peripatetic taxpayer appears from the undated, but purportedly recent, certification of its financial manager, Susan McGuire, to have moved once again to Garden City, New York. Defendant claims not to have received the November 2 letter. This claim of non-receipt is not contradicted. In any event, even assuming that the notice of changed address was sent and received, it was sent after the date on *155 which the statute requires added assessment tax bills to be sent, and after the date on which the bill was, in fact, sent.
At the return date of the motion plaintiffs attorney pointed out that taxpayer’s principals were sophisticated and experienced New Jersey real estate investors. In light of this sophistication, the statute’s caution that non-receipt of an added assessment bill is not a bar to the validity of a tax assessment, the frequent changes in the mailing address of Venture 17, and the availability of the assessment record at the county board, a prudent taxpayer would have made inquiry of the assessor, the tax collector, or the county board as to whether an added assessment had been made. The record does not indicate that the taxpayer, prior to the December 1 appeal deadline, took any action to determine whether an assessment had been made.
From October 10 (50 days before the expiration of the appeal deadline), when the record of the added assessment was required by statute to be and was in fact available as a public record at the Bergen County Board of Taxation, neither the taxpayer nor its representatives made a phone call to find out if an assessment had been made. The only passive attempt the taxpayer asserts it made was to send a letter on November 2 which the municipality asserts it has not yet received. The letter requesting an address change was sent more than one week after the date on which the statute requires the tax bill to be sent and two weeks after the date on which the bill was in fact sent. If we are to believe the certification of plaintiff, it never received the tax bill until January 1991. Even assuming that to be true, the law provides no relief for this inattentiveness. In fact, the statute specifically warns the taxpayer of the dangers of simply waiting for a tax bill. N.J.S.A. 54:4-63.7. When a sophisticated property owner moves at just the time a tax bill is to be mailed, this passive approach to discovering whether a tax has been assessed is unwise, cavalier, and unprotected by the law. This court simply has no authority to hear the appeal from the county board dismissal because of plaintiff’s failure to meet the statute’s December 1 filing dead *156 line. 18 Washington Place Associates v. Newark, 8 N.J.Tax 608 (Tax Ct.1986).
The motion to dismiss the appeal as untimely filed is granted.
Our analysis should stop here, but plaintiff, in arguing that the assessment should be voided, has raised several arguments which will be addressed.
First, plaintiff contends that the added assessment list was not filed with the county board prior to October 1 because there is no evidence that the undisputed September “filing” with the county board was signed by the assessor. I find no statutory requirement that the pre-October 1 filing be signed. Taxpayer’s citation of the court rule that court pleadings be signed (R. 1:4-5) as support for the argument that the assessor’s filing of an added assessment with the county board be signed requires a record-breaking leap of analogy greater than Mike Powell’s recent record breaking long jump. “Mike Powell Smashes Bob Beamon’s 23 Year Old Long Jump Record,” 75 Sports Illustrated No. 11 (September 9, 1991) at 14. The gap is too broad for this court to bridge.
The citation of American Hydro Power, 9 N.J.Tax 259 (Tax Ct.1987), aff’d 239 N.J.Super. 130, 570 A.2d 1246 (App.Div.1989), is simply inapposite. In that case the assessor failed to file an added assessment list with the county board until November 13, almost 45 days after the required filing date. The tax bill was not received until December 11, a good ten days after the expiration of the statutory appeal date. One can presume that the bill was sent after the December 1 date, as well. In the case before me the assessment was made a public record no later than October 10 giving the taxpayer more than the sacred 30-day appeal window (prior to the December 1 appeal deadline discussed in American Hydro Power, supra) to file its appeal. 239 N.J.Super. at 132, 570 A.2d 1246. Taxpayer had at least 50 days from the certification of the list and more than 45 days from the October 14 mailing of the bill to file its appeal.
*157 In Haddon Hills Apartments v. Haddon Township, 31 N.J.Super. 124, 105 A.2d 916 (App.Div.1954), the added assessment list was filed on October 4 (after the required October 1 date) and the county board did not complete its actions until November 1 (one month after the statutorily required date). Nevertheless, the court held that the December 1 appeal date must be complied with and a filing of an appeal after that date was ineffective to challenge the validity of an assessment.
In this case, all required actions were completed on the statutorily prescribed dates. To the extent that there is any validity to the taxpayer’s argument that the assessor’s filing with the county board had to be signed, then it was ten days late—but only six days later than the filing approved in Had-don Hills Apartments. The key event—the county board’s certification by October 10—was met in the instant case. Even though the certification was 30 days late in Haddon Hills Apartments, the court there found that it was still not sufficiently late to extend the appeal deadline.
In open court the attorney for the taxpayer conceded that, if the signing of the book on October 10 meets the statutory requirements for filing, the taxpayer cannot prevail.
The defalcations of the assessor, county board and tax collector which led to the invalidation of an added assessment in American Hydro Power v. Clifton, supra, are simply not present here. In that case the filing with the county board was made on November 13, 44 days late; the certification by the board was made on November 14, 35 days late; the bill was sent December 11, 41 days late—and ten days after the statutory appeal date. The Appellate Division described this as “Clifton’s egregious violation of the statutory scheme.” 239 N.J.Super. at 134, 570 A.2d 1246. In comparing Haddon Hills with American Hydro the Appellate Division noted that the cases were factually distinguishable because in Haddon Hills, all required action was completed by November 1. 239 N.J.Super. at 137, 570 A.2d 1246. In the instant case all action had *158 been completed by October 10—20 days sooner than in Haddon Hills.
I have found no authority for plaintiffs contention that the assessor’s added assessment list filed with the county board by October 1 must be signed. See Local Property Tax Branch, New Jersey Division of Taxation, Handbook for New Jersey Assessors (1989) ¶ 1701.6. The Director of Taxation has set out in detail the information to be included in added assessment lists and has provided a model form to be used. Neither in this description nor on the form is there a requirement that the filing be signed. Handbook, supra, ¶¶ 407.41 and 407.42 and exhibit IV-6. The September 1990 filing met the statutory requirements. Even assuming the September filing was not adequate, the October 10 signing of the county board’s certification by the municipality cured that defect. In this case, there is no legal significance to the difference between October 4 and October 10. Accordingly, Haddon Hills controls and the assessment must stand. Plaintiff’s motion to void the assessment is without merit and is denied.
My determination in this case prevents the appealing taxpayer from presenting to the court whatever case it may have on the amount of the tax it disputes. Courts prefer to determine matters on their merits, rather than dispose of them on procedural grounds. Nevertheless, in taxing matters, strict adherence to appeal deadlines is essential for the stability essential to the municipal budget and taxing procedures. See F.M.C. Stores v. Morris Plains, 100 N.J. 418, 424-426, 495 A.2d 1313 (1985); Prospect Hill Apts. v. Flemington, 1 N.J.Tax 224, 411 A.2d 737 (Tax Ct.1979).
The taxpayer missed the statutory appeal deadline. Its attempt to impose procedural requirements on the municipality in addition to those clearly prescribed in the statute is simply without foundation in the statute, the interpretive case law, logic, and fairness. To resist defendant’s motion and require the unnecessary expenditure of time and effort by defendant, its attorney and this court would be the result of either an utter *159 disregard for the fair allocation of this state’s scarce governmental resources or an attempt to secure a settlement from the municipality so that it may avoid the alternative of expending substantial sums to defend this action. This court and its process should not be used as a club to encourage settlement of an overdue claim.
The Clerk of the Tax Court will enter a judgment dismissing the complaint.