NOT FOR PUBLICATION WITHOUT THE APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS

|  |  |  |
|---|---|---|
| **JANTZEN, GIUSEPPIN NINA & MATTHEW D.,** | : | **TAX COURT OF NEW JERSEY** |
|  | : | **DOCKET NOs.:** 008224-2022 |
|  | : | 008229-2022 |
| **Plaintiffs,** | : | **CIVIL ACTION** |
| v. | : |  |
| **GREEN TOWNSHIP,** | : | Approved for Publication |
|  | : | In the New Jersey |
| **Defendant.** | : | Tax Court Reports |

Date: May 30, 2023

Kevin S. Englert for plaintiffs (The Englert Law Firm, L.L.C., attorneys).

Robert B. McBriar for defendant (Schenck, Price, Smith & King, L.L.P., attorneys).

BIANCO, J.T.C

This formal opinion shall serve as the court's determination of a motion filed by plaintiffs Matthew Jantzen and Nina Giuseppin Jantzen ("Taxpayers") to change the small claims track designation assigned by the Tax Court Management Office ("TCMO") for both above-referenced docket numbers, to the standard track to secure more comprehensive discovery; and a cross-motion filed by defendant Green Township ("Green") for summary judgment to dismiss as untimely the added assessment appeal under docket number 008224-2022 pursuant to N.J.S.A. 54:4-63.11. These matters[1] concern Taxpayers property located at 5 Sunny Lane, Township of Green, County of Sussex, and designated by the taxing district as Block 119, Lot 6 ("Subject Property").

---

[1] Judge Novin recused himself from participating in the discussion of, and the vote on, the publication of this opinion.

For the reasons more specifically set forth herein, the court (1) grants Taxpayers' motion for a track change in both matters; and (2) denies Green's cross-motion for summary judgment in Docket No. 008224-2022 finding that (a) Green did not provide Taxpayers adequate notice of the added assessment, and (b) due process requires a relaxation of the filing deadline. The court addresses the dismissal of the cross-motion first.

## I.      Findings of Facts

For tax year 2021, the Subject Property was initially assessed at $243,100 according to the Property Record Card ("PRC").[2] Taxpayers purchased the Subject Property on September 1, 2021, for $700,000. In March 2021, six months prior to said purchase, Green issued a permit for reconnection of electric service at the Subject Property. In April 2021, Green issued another permit for reconnection of electric services to a barn on the Subject Property. [3]

On October 5, 2021, the 2021 Added Assessment Tax List was filed with the Sussex County Board of Taxation ("County Board") as public record in which the name and address of the former owners were reflected. In said list, the owners of the Subject Property were identified as "Singe, Herbert R Jr & Belinda R." (the former owners), with the postal address of "11 Poplar CT Hackettstown, New Jersey, 07840," which is not the address of the Subject Property. The added assessment more than doubled the total assessment of the Subject Property to $592,900. Thereafter, the PRC reflects that the 2022 assessment on the Subject Property was set at $592,900.

_____

[2] Assessment date of October 1, 2020. The Subject Property is a class 2 single family residence containing 4,235 square feet of livable space with four bedrooms and three and a half baths. The Subject Property also includes a 2,852 square foot stable/barn.

[3] The April 2021 permit for the reconnection of electrical service to the barn produced by Green has a handwritten note stating, "6 mos-349,800." By adding the original 2021 assessment of $243,100 to the $349,800 figure in the note, the court arrives at $592,900, a number representing the 2022 total assessment on the Subject Property.

On November 3, 2021, Taxpayers' mortgage company, Rocket Mortgage (or its loan servicer), paid the amount due for the added assessment without Taxpayers' knowledge. Green makes no representation that the notice of the added assessment on the Subject Property was ever mailed or delivered to either the previous owners (as listed on the 2021 Added Assessment Tax List), Taxpayers, or Rocket Mortgage. Green's Tax Collector ("Tax Collector") did not provide any certification herein to indicate where the bill for added assessment was sent, or if it was sent at all. The Tax Collector's required certification to the County Board "setting forth the date on which the bulk mailing [of the tax bills for added assessments] was completed," N.J.S.A. 54:4-63.11, does not exist.[4]

Upon receipt of the 2022 annual notice of assessment, Taxpayers contacted Green's Tax Assessor to determine the reason for the increase in the assessment. Taxpayers were informed that the assessment was increased because they cleared debris from the Subject Property. At this point,

---

[4] The court requested counsel to produce the Tax Collector's certification of bulk mail of the tax bills for added assessments required by N.J.S.A. 54:4-63.11. Green's counsel, in his certification to the court dated May 12, 2023, "confirmed that neither Green nor the Tax Board have a copy of the [Tax Collector's] certification of bulk mailing. Taxpayers' counsel provided an official response to his OPRA request for the Tax Collector's "Certification of mailing of added assessment bill in 2021 for Green Township." That response was provided by the Sussex County Tax Administrator in her official capacity by letter dated May 10, 2023, indicating that the County Board "does not have the records you request on file." In his aforementioned certification, Green's counsel states that "the Tax Collector advised me that she printed the 2021 added tax bills, placed them in stamped envelopes property addressed to owners identified on the 2021 Added Assessment Duplicate and with Township's proper return address, and hand delivered them to the local post office for delivery as is her usual and custom practice." (Emphasis added.) The Tax Collector herself did not certify to these facts. Missing from this exchange between the Tax Collector and counsel, is the date she allegedly mailed the 2021 added tax bills. Moreover, if the court accepts arguendo, the Tax Collector's representation to Green's counsel as accurate, then it is clear that the bill for the added assessment on the Subject Property was sent to the former owners and not to Taxpayers because it is the former owners' names and address that appear on the 2021 Added Assessment Duplicate.

3

Taxpayers were still unaware of the 2021 added assessment. Taxpayers timely filed an appeal of their 2022 property taxes.

Taxpayers never received actual notice of the added assessment until April 25, 2022, when Green provided them with the 2021 added assessment list as part of discovery in their 2022 tax appeal.

## II. Procedural History

On May 2, 2022, Taxpayers filed an Added/Omitted Petition of Appeal with the County Board challenging the 2021 added assessment. On May 9, 2022, Taxpayers received a letter from the Sussex County Tax Administrator on County Board letterhead stating that their petition was returned because it was untimely filled (i.e., filed 152 days after the December 1, 2021, statutory filing deadline). There was no accompanying judgment of the County Board dismissing Taxpayer's complaint.[5]

---

[5] Despite the County Board's failure to issue a judgment of dismissal, the court is satisfied that the matter is properly before the Tax Court. While the present controversy concerns an added assessment and not a regular assessment, the court observes that, with regard to regular assessments:

> Where a petition or cross-petition of appeal to a county board of taxation is actually received by the board after April 1 of the tax year (except if April 1 shall fall on a Saturday, Sunday, or holiday, then after the first business day immediately thereafter), the county board of taxation or the county tax administrator, if authorized by the board by resolution, shall not accept said petition or cross-petition of appeal for filing but shall forthwith return the same to the person filing it, together with the filing fee, if the filing fee accompanied said petition or was otherwise paid. The petition or cross-petition to be returned shall have endorsed thereon the date of receipt and a statement "Petition or cross-petition is returned by reason of late filing" and shall be accompanied by a judgment of dismissal by the county board of taxation for late filing.

> [N.J.A.C. 18:12A-1.20(a).] (Emphasis added.)

On June 17, 2022, Taxpayers timely appealed to the Tax Court challenging the return of their 2021 added assessment petition due to untimely filing.

On September 30, 2022, Taxpayers filed a motion to change tracks to expand discovery in both hereinabove referenced matters. Taxpayers allege four counts against Green, including a spot assessment claim, and a claim to compel Green to conduct a full revaluation of all property within the taxing district. On November 8, 2022, Green filed a cross-motion for summary judgment to

---

The court has found no similar provision specifically applicable to added assessments. The County Board adopted a resolution directing "the Tax Administrator . . . to accept all appeals, and return late filed petitions as received, including any attached fees, with a judgment of dismissal by reason of late filing, under the authority of the board for the 2022 Tax year." Sussex County Board of Taxation Resolution, 02-16-2022-2 (Feb. 16, 2022) (emphasis added). The resolution, however, makes no mention of N.J.A.C. 18:12A-1.20(a) and does not distinguish between added and regular assessments. Ibid. Pursuant to R. 8:2(a), "[t]he Tax Court shall have initial review jurisdiction of all final decisions including any act, action, proceeding, ruling, decision, order or judgment including the promulgation of any rule or regulation of a County Board of Taxation . . ." Ibid., (emphasis added). See also N.J.S.A. 54:51A-1(a) (providing that "[a]ny party who is dissatisfied with the judgment, action or determination of the county board of taxation may seek review of that judgment, action or determination in the tax Court . . .") (Emphasis added.) The court finds that the Sussex County Tax Administrator was acting with apparent authority on behalf of the County Board in rejecting Taxpayers' complaint as untimely, which rejection constitutes an action or decision of the County Board under R. 8:2(a), and an action or determination under N.J.S.A. 54:51A-1(a). New Jersey courts have applied the doctrine of apparent authority where a principal acts in such a way as to convey the impression to a third party that the agent has certain powers which he or she may or may not possess. See Lobiondo v. O'Callaghan, 357 N.J. Super. 488, 497 (App. Div.), certif. denied, 177 N.J. 224 (2003); C.B. Snyder Realty Co. v. Nat'l Newark & Essex Banking Co. of Newark, 14 N.J. 146, (1953); and Am. Well Works v. Royal Indem. Co., 109 N.J.L. 104, 108 (E. & A. 1932). Moreover, the language of R. 8:2(a) and N.J.S.A. 54:51A-1(a) is broad enough for the court to construe that the County Board's failure to act is an act of omission that constitutes an action, decision, or determination of the County Board reviewable by the Tax Court. See Taneian v. Meghrigian, 15 N.J. 267, 276 (1954) (finding that "[m]any acts of commission can be regarded as acts of omission and vice versa. [citations omitted]." To hold otherwise would mean that Taxpayers would have no recourse, given that the County Board is no longer constituted to hear 2021 added assessment appeals, and the matter cannot be remanded there for that purpose. See N.J.S.A 54:3-26, (providing that "[t]he county board of Taxation shall hear and determine all such appeals within three months after the last day for filing such appeals.")

5

dismiss the court complaint (Docket No. 008229-2022 only) challenging Green's 2021 added assessment due to untimely filing.

###    III.    Applicable Law

### A. <u>Summary Judgment</u>

A motion for summary judgment should be granted in the absence of genuine issues of material facts. <u>R.</u> 4:46-2(c); <u>Brill v. Guardian Life Ins. Co. of Am.</u>, 142 N.J. 520, 528-29 (1995) (summary judgment will be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law."). Denial is appropriate only where the evidence is such that reasonable minds could return a finding favorable to the party opposing the motion. <u>Brill</u>, 142 N.J. at 540.

### B. <u>Added Assessment Filing</u>

Our courts have held regarding <u>annual assessments</u> that the "timeliness of a tax appeal is critical." <u>Prime Accounting Dept. v. Township of Carney's Point</u>, 212 N.J. 493, 507 (2013). The "[f]ailure to file a timely appeal pursuant to N.J.S.A. 54:3-21[] . . . is a fatal jurisdictional defect requiring dismissal of the complaint." <u>Regent Care Ctr. v. City of Hackensack</u>, 18 N.J. Tax 320, 324 (Tax 1999).

Failure to file a timely complaint divests this court of jurisdiction even in the absence of harm to the municipality. <u>Lawrenceville Garden Apartments v. Twp. Of Lawrence</u>, 14 N.J. Tax 285, 288 (App. Div. 1994). In tax matters, strict adherence to statutory filing deadlines is of particular concern given the "exigencies of taxation and the administration of local government." <u>F.M.C. Stores v. Borough of Morris Plains</u>, 100 N.J. 418, 424 (1985) (citing <u>Princeton Univ. Press v. Borough of Princeton</u>, 35 N.J. 209, 214 (1961)). "The policy of applying strict time limitations

6

to tax matters is based upon the very nature of our administrative tax structure." Galloway Twp. v. Petkevis, 2 N.J. Tax 85, 92 (Tax 1980).

However, with added assessments (as well as omitted assessments), the failure to strictly adhere to statutory filing deadlines is less consequential given that the municipality does not anticipate any revenue derived from added and omitted assessments as they go through the budgeting process for the administration of local government. As with added assessments, "[a] municipality does not rely on the collection of omitted taxes unknown during the budget process to operate its government or meet its expenses in the tax year in which the omitted assessment is imposed." BDB Enterprises, LLC v. Brick Twp., 16 N.J. Tax 22, 26 (Tax 1996), (citing Inwood Owners v. Little Falls Twp., 216 N.J. Super. 485, 490 (App. Div. 1987)), cert. denied, 108 N.J. 184 (1987), (citing Schneider v. East Orange, 196 N.J. Super. 587, 593 (App. Div. 1984), aff'd o.b., 103 N.J. 115, cert. denied 479 U.S. 824 (1986). "In terms of the legal and fiscal effects there is no difference between [added and omitted] assessments." BDB Enterprises, LLC, 16 N.J. Tax at 26.

N.J.S.A 54:4-63.7 provides:

> As soon as the added assessment duplicate is delivered to the collector of the taxing district, he shall at once begin the work of preparing, completing, mailing or otherwise delivering the tax bills to the individuals assessed for added assessments and shall complete that work at least one week before November first. The validity of any added tax or assessment or the time at which it shall be payable shall not be affected by the failure of a taxpayer to receive a tax bill, but every taxpayer is put upon notice to ascertain from the proper official of the taxing district the amount which may be due for taxes or assessments against him or his property for added assessments.

[N.J.S.A. 54:4-63.7.][6]

N.J.S.A 54:4-63.11 provides in pertinent part:

> Appeals from added assessments may be made to the county board of taxation on or before December 1 of the year of levy, <u>or 30 days from the date the collector of the taxing district completes the bulk mailing of tax bills for added assessments, whichever is later…Within ten days of the completion of the bulk mailing of tax bills for added assessments, the collector of the taxing district shall file with the county board of taxation a certification setting forth date on which the bulk mailing was completed.</u>

> [N.J.S.A. 54:4-63.11, emphasis added.]

The Legislature amended N.J.S.A. 54:4-63.11 on September 17, 1999. <u>S.N. 673</u> (1999). The amendment, among other language, added the above-emphasized language to N.J.S.A. 54:4-63.11. Previously, said statute only allowed for added assessment appeals on or before December 1. Additionally, the statute did not require the tax collector to certify the bulk mailing of the tax bills, nor did it provide the additional appeal deadline of 30 days from the completion of the bulk mailing. On the same date within the same act, the Legislature also amended N.J.S.A. 54:3-21, which governs annual assessment appeals, with substantially similar "bulk mailing" language. <u>S.N. 673</u> (1999).

## C. Due Process

"The critical components of due process are adequate notice, opportunity for a fair hearing and availability of appropriate review." <u>Centorino v. Tewksbury Twp.</u>, 18 N.J. Tax 303, 316 (Tax 1999) (citing <u>Schneider v. City of E. Orange</u>, 196 N.J. Super. 587, 595 (App. Div. 1984), <u>aff'd.</u>, 103 N.J. 115, <u>cert. denied.</u> 479 U.S. 824 (1986). "What constitutes adequate

---

[6] The requirement in N.J.S.A. 54:4-63.7 for tax collectors to mail or deliver tax bills for added assessments "to the individuals assessed," mimics the language contained in N.J.S.A. 54:4-64 regarding the annual tax bills.

notice depends, to some degree, on the "practicalities and peculiarities" of the particular case at issue." Id. at 316 (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

"Due process does not require tax collectors…to examine the tax rolls to search for outdated or incorrect addresses supplied by the property owners…[I]t is something else altogether if someone involved ignored conscious awareness that the address was outdated." Brick Twp. v. Block 48-7, Lots 34, 35, 36, 202 N.J. Super. 246, 252-254 (App. Div. 1985). "[W]here it is established that the taxpayer has…taken reasonable steps to notify the municipality, then the burden shifts to the taxing authorities to change their records to reflect the new address…" Berkeley v. Berkeley Shore Water Co., 213 N.J. Super 524, 533 (App. Div. 1986). "The taxing authority must then show that it took reasonable steps to effectuate notice." Id. at 534.

Courts have held that "[n]otice mailed by a county board of taxation to an address different in a significant respect from that specified in a written notification from a petitioner does not (unless received) constitute adequate notice and does not satisfy the requirements of due process." Family Realty Co. v. Secaucus Town, 16 N.J. Tax 185, 193 (Tax 1996). "The requirements of due process have not been met unless the person…has been given an opportunity to be heard as to the validity and the amount of the levy…before the excise becomes irrevocably final." City of Camden v. Camden Masonic Ass'n, 9 N.J. Tax 331, 343 (Tax 1987) aff'd., 11 N.J. Tax 88 (App. Div. 1989).

IV.   **Legal Analysis**

   A. **Appealing the Added Assessment**

Green argues that the court must dismiss Taxpayers' added assessment complaint with prejudice because: (1) they failed to satisfy the December 1, 2021, statutory filing deadline; (2) they had statutory and constructive notice of the 2021 added assessment; and (3) a prudent taxpayer would have made an inquiry on the added assessment. Taxpayers argue that dismissal is inappropriate because they never received notice of the 2021 added assessment. The issue before the court is whether the filing deadline by which to appeal Taxpayers' added assessment should be extended when the tax collector provided them with no notice of the added assessment tax bill.

Under the facts presented before the court in this case, no representation is made that the Tax Collector ever mailed notice of the 2021 added assessment on the Subject Property to Taxpayers. While the Tax Assessor certified that "[t]he 2021 Added Assessment Tax list, [was] filed with the Sussex County Board of Taxation on or before October 5, 2021," the court was not provided with a certification from the Green's Tax Collector, that the completion of the bulk mailing of tax bills for the 2021 added assessments ever occurred. Moreover, the Tax Collector's "certification setting forth date on which the bulk mailing was completed," required to be filed with the County Board under the revision of N.J.S.A. 54:4-63.11, does not exist.

Prior to the legislature's passing the act to amend N.J.S.A 54:4-63.11 and N.J.S.A. 54:3-21 to include the bulk mailing language, the court had made several rulings specifically regarding notice and the added assessment appeal deadline.

In Haddon Hills Apartments North v. Haddon Township, 31 N.J. Super. 124 (App. Div. 1954), the township levied an added assessment on the taxpayer's property after it had finished construction before October 1, 1949. Id. at 125. The township did not file the list of added assessments until October 4, three days after the date required by statute, and did not certify the added assessment list to the tax collector until November 1, twenty-two days after the required

10

date. Id. at 126. The taxpayer filed its appeal on December 1, 1950. Ibid. The taxpayer argued that their filing deadline should be December 1, 1950, instead of December 1, 1949, as would be required strictly under the statute, because the township filed its added assessment list three days late. Ibid.

Citing N.J.S.A. 54:4-58, the court held that the three-day late filing "is an irregularity which does not invalidate any assessment…" Haddon Hills, 31 N.J. Super. at 126. Further, the taxpayer was put on notice because the assessors examined all the buildings on taxpayer's property with its representative present. Id. at 127-128. The court found the added assessment valid and the proper appeal date to be December 1, 1949. Id. at 128.

In 18 Washington Place Associates v. City of Newark, 8 N.J. Tax 608 (Tax 1986), a taxpayer purchased previously exempt property from Rutgers University on June 13, 1983. Id. at 610. Upon purchase, the property changed from exempt to nonexempt, which prompted the assessor to assess the property from July through December 1983. Ibid. The assessor did not send a certified mail notice of the assessment, and while the tax collector did send a tax bill by certified mail, it was returned without delivery. Ibid. The taxpayer filed an appeal of the assessment on December 19, 1984. Id. at 614. The taxpayer argued that the court should excuse its late filing because the assessor did not send notice of the assessment nor did the collector send a tax bill.

Holding that the deadline should not be extended, the court cited N.J.S.A 54:4-63.29 to find that the procedural provisions of the added assessment statutes applied to an assessment's returning from exempt property to nonexempt. Id. at 611. The court then cited N.J.S.A. 54:4-63.7 to find that the City was not required to give the taxpayer certified-mail notice of the assessment, and that the failure of the City's tax collector to send the taxpayer a tax bill does not affect the validity of the 1983 assessment. Id. at 613.

11

In American Hydro Power Partners, L.P. v. City of Clifton, 9 N.J. Tax 259 (Tax 1987), the taxpayer received a tax bill on December 22, 1986, from its lessor, who received the bill on December 11, 1986. Id. at 261. The bill stated that the tax was due on December 31, 1986, and that the taxpayer had to file an appeal by December 1 of the year of levy. Ibid. The assessor did not file the added assessment list until November 13, 1986, and did not deliver the list to the tax collector until sometime on or after November 14, 1986. Ibid. The Director extended the deadline to appeal added assessments to December 31, 1986, but the taxpayer did not receive notice of this until after December 31. Ibid. The taxpayer then filed its appeal in February 1987. Id. at 262.

The court held that because the actions taken by the assessor, municipality, the county board, and the Director were in such gross disregard of the added assessment statutory scheme, the added assessment should be set aside. Id. at 263-264. All the local entities and officials completely disregarded the statutory time limits, and the Director did not have the statutory authority to extend the filing deadline for added assessments. Id. at 264.

Lastly, in Venture 17 v. Hasbrouck Heights Borough, 12 N.J. Tax 152 (Tax 1991), the municipality filed an added assessment on the taxpayer's property in September 1990. Id. at 153. The added assessment list was certified on October 10, 1990, and the tax bill was sent to the taxpayer on October 14, 1990, at the taxpayer's last known address. Ibid. However, the taxpayer repeatedly moved its office in 1990; therefore, the taxpayer did not receive the tax bill. Id. at 154. The taxpayer did inform the assessor of one of the office moves, but the municipality did not receive that letter. Irrespective, the taxpayer sent the letter after the tax bill had already been sent. Id. at 154-155. The taxpayer ultimately filed its added assessment appeal with the Bergen County Board of Taxation on January 25, 1991, which said board dismissed as untimely. Id. at 153.

The court noted that the taxpayer was a sophisticated and experienced real estate investor. Id. at 155. Coupled with the statute's cautioning that non-receipt does not provide a bar to validity of added assessments and the frequent office moves, a sophisticated and experience real estate investor, as prudent taxpayer, would have inquired of the county board about any possible added assessments. Ibid. "When a sophisticated property owner moves at just the time a tax bill is to be mailed, this passive approach to discovering whether a tax has been assessed is…unprotected by the law." Ibid. The court further commented on the taxpayer's claims that the assessment should be voided. The court compared Haddon Hills and American Hydro. Relief was granted in American Hydro because of the egregious violation of the statutory deadlines, but in Haddon Hills, the county board did not complete its statutorily required activities until November 1, which is a later date than when the county board completed everything here in Venture 17, yet the court did not grant any relief from the filing deadline. Id. at 156-157.

The Tax Court decided all four of these cases before the 1999 amendment to N.J.S.A 54:4-63.11. The court does not appear to have published any opinions specifically about the issue of lack of notice and extending the appeal deadline for added assessments following the Legislature's amendment. Previously, the statute did not require the tax collector to certify that the bulk mailing had been completed. In the New Jersey Senate bill text, the senate stated the following regarding the amendment:

> 7. The bill amend [sic] three sections of Title 54 to authorize the county board of taxation and the Tax Court to extend time to appeal added or omitted assessments to on or before December 1 or 30 days from mailing of tax bills, whichever is later, and to provide that added and omitted assessments can be appealed directly to the Tax Court if the aggregate assessment exceeds $750,000.
>
> [S. 1982 (1997).]

Clearly, the legislature wanted the taxpayer to have some kind of notice besides the publicly available certified added assessment list. Otherwise, the Legislature would not allow for an extended date of 30 days from mailing to account for situations where the tax bill was delivered late, nor would they have included language that requires the tax collector to certify to the County Board when the tax bills for added assessments were mailed.

"On the issue of adequacy of notice, as on other issues raised by a plaintiff to excuse a late filing and thereby avoid a limitation of the action the burden of proof is on the plaintiff." Southway, Peter & Lena v. Wyckoff Twp., 20 N.J. Tax 194, 200 (Tax 2002).

Taxpayers argue that Green's motion should be denied because they never received notice of the added assessment until April 25, 2022, through discovery responses from Green. Taxpayers maintain that equity and due process considerations permit the court to extend the tax appeal filing deadline promulgated under N.J.S.A. 54:4-63.11.

In New Jersey, a presumption arises that properly addressed, stamped, and posted mail "was received by the party to whom it was addressed." SSI Medical Servs. V. HHS, Div. of Medical Assistance & Health Servs., 146 N.J. 614, 617 (1996); see also Bruce v. James P. MacLean Firm, 238 N.J. Super. 501, 505 (Law Div. 1989), aff'd o.b., 238 N.J. Super. 408 (App. Div. 1989); Tower Management Corp. v. Podesta, 226 N.J. Super. 300, 304 n. 3, (App. Div. 1988); Cwiklinski v. Burton, 217 N.J. Super. 506, 509-10 (App. Div. 1987). The following conditions serve to establish the presumption: (1) that the mailing was properly addressed; (2) that proper postage was affixed; (3) that the return address was correct; and (4) that the mailing was deposited in a proper mail receptacle or at the post office. SSI Medical Servs., 146 N.J. at 617.

This presumption may be demonstrated through the submission of evidence "of habit or routine practice," but "evidence of office custom requires other corroboration that the custom was

followed in a particular instance in order to raise a presumption of mailing and receipt and meet the preponderance of the evidence standard." Id. at 622-623. Where "items mailed on a daily basis are voluminous," and it is difficult to obtain proof of whether the routine procedure or custom was followed "on a given day," credible corroborating proof can create a "reasonable inference that the custom was followed on the given occasion," which can "suffice to establish proof of mailing." Id. at 624. A court must weigh the credibility of such corroborative evidence to decide "whether it meets the preponderance of the evidence standard," and whether it "raises a presumption of mailing and receipt." Id. at 624 n.1. Thus, courts will accept a "lower standard of proof" such as for instance, proof of "bulk processing and mailing." Davis & Assocs., LLC v. Stafford Twp., 18 N.J. Tax 621, 627-628 (Tax 2000).

Although few Tax Court decisions discuss lack of notice regarding added assessments since the 1999 amendment to N.J.S.A. 54:4-63.11, several Tax Court decisions address exceptions to the filing deadline established by N.J.S.A. 54:3-21, which simultaneously received a substantially similar amendment as N.J.S.A. 54:4-63.11.

In Centorino v. Tewksbury Twp., 18 N.J. Tax 303 (Tax 1999), due to an error in the municipality's mailing system, the taxpayer did not receive notice of an increased property assessment for 1998 until August 1. The property assessment had increased to $601,900 from the previous year's assessment of $492,100. Id. at 307. The taxpayer contacted the tax assessor and filed an appeal, which the county board rejected as untimely. Id. at 308. The taxpayer subsequently filed a complaint with the Tax Court challenging the assessment. Ibid. The municipality contended that it mailed the assessment to the correct address; however, it conceded that it addressed the notice to the attention of the prior owner. Id. at 307. The taxpayer contended that she never received notice, nor did she receive anything addressed to the previous owner. Id. at

309. The court found that the taxpayer never received the notice of assessment prior to August 1998. Id. at 310. The court held that "[u]nder these unique facts and circumstances, the principles of due process necessitate the extension of the filing deadline so that the taxpayer is not denied access to the court and the opportunity for a hearing on her appeal." Id. at 320.

In City of East Orange v. Livingston Township, 27 N.J. Tax 161 (Tax 2013), the defendant imposed local property tax assessments on properties known as the East Orange Water Reserve. During the tax years at issue, notices of assessment were forwarded to the City of East Orange using two different mailing addresses. Id. at 165. The plaintiff asserted that the assessments were excessive, erroneous, and unconstitutional, and that the plaintiff never received the notices of assessment because they were incorrectly addressed. Id. at 175. The defendant maintained that none of the assessment notices was returned as undeliverable. Id. at 166. The court highlighted that the deadline to file an appeal with the county board of taxation or Tax Court was the later of April 1 or 45 days from the date the taxing district completes the bulk mailing. Id. at 168-169. However, the court noted that "[w]here a taxpayer fails to receive such notice, and based on the facts of each case, courts have extended the appeal filing deadlines set forth in N.J.S.A. 54:3-21, not only due to the statutory mandate, but also because lack of notice implicates due process concerns." Id. at 169 (citing Centorino, 18 N.J. Tax at 316).

The court highlighted that the defendant's notices of assessment contained several deficiencies in the recipient address and, thus, did not necessarily support a conclusion of mail delivery. Id. at 170. However, the court stated that the plaintiff gained actual knowledge of the assessments sometime between June 2009 and September 2009, when it received the tax bills during a meeting with the defendant's assessor. Ibid. The plaintiff allowed roughly 18 months to pass after receiving actual notice of the assessments and failed to file appeals challenging the

16

assessments on the properties until December 2010. Ibid. Concluding that the court lacked subject matter jurisdiction over the plaintiff's complaint under N.J.S.A. 54:3-21, the court observed that in considering the due process implications of the alleged failure to receive the notices of assessment, "actual notice is relevant." Id. at 171 (citing Olde Orchard Village Condo Apartments, Inc. v. Township of Pequannock, 21 N.J. Tax 275, 282 (Tax 2004)).

In Davis & Assocs. L.L.C. after development approval, one of two lots owned by the plaintiff suffered an increased assessment of $205,900 to $3,560,000. Id. at 624-625. There was a clear factual dispute over receipt of the assessment notices. The court found sufficient proof of mailing by the assessor and that, accordingly, a presumption of receipt had been established. It further found the evidence presented by the plaintiff insufficient to rebut the presumption. Id. at 632-633. On the assumption that notice was not actually received, the court considered the plaintiff to be a "sophisticated real estate development company which owns properties and operates commercial enterprises in a number of municipalities." Id. at 634. Prudent business practice, the court concluded, would have dictated inquiry to the assessor in February or March in the absence of assessment notices. Ibid. In these circumstances, the court found no basis to extend the filing period beyond April 1 and dismissed the plaintiff's complaint filed on August 18. Ibid.

In Southway, the taxpayers maintained that they did not receive notice of the increased tax assessment on their property until they received their tax bill in July; therefore, the taxpayers argued that they timely filed their petition of appeal with the county board of taxation in August. Id. at 196. In rejecting the taxpayers' claim, the court found that a presumption of receipt attached to the township's mailing of the notice of assessment. Id. at 199. The court noted that the taxpayers "had over forty years of experience in banking and is presumably careful and attentive to financial questions," but also accepted that the taxpayers honestly never learned of the

assessment change until July.  Ibid.  Accordingly, because the taxpayers shouldered the burden of proving non-delivery of the notice of assessment and failed to rebut that presumption by a reasonable preponderance of the evidence, the court held that the taxpayers' complaint must be dismissed.  Id. at 200-201.

In the present matter, there is nothing in the record to confirm when, or if, the tax collector completed the bulk mailing of the tax bills from the 2021 added assessments.  In response to the court's questions at oral argument, Green appeared to conclude that since the Tax Assessor certified to the added assessment list, the tax bills must have been mailed.  Green argues that N.J.S.A. 54:4-63.7 states that "failure of a taxpayer to receive a tax bill" does not invalidate the tax due or the added assessment; therefore, the lack of notice should have no bearing on the filing deadline.  The court finds  that Green's argument is misguided.  Green is conflating two separate legal concepts: (1) the validity of the added assessment under N.J.S.A. 54:4-63.7; and (2) a taxpayer's right to appeal an added assessment under N.J.S.A. 54:4-63.11.

Tax Court opinions prior to the 1999 amendment of N.J.S.A. 54:4-63.11 seem to conflate the validity of the tax or assessment with the ability to file an appeal.  See 18 Washington, 8 N.J. Tax at 613.  However, finding an invalid added assessment is only one possible outcome of a tax appeal.  The Legislature enacted N.J.S.A 54:4-63.7 and N.J.S.A. 54:4-63.11 as separate sections.  Further, the two sections do not reference each other, and N.J.S.A. 54:4-63.7 mentions nothing about the statutory rights of a taxpayer to file an appeal of an added assessment.  It only states that the actual tax and assessment are still valid regardless of procedural issues, which mirrors the intent of other statutes.  See N.J.S.A. 54:4-58.  The court is satisfied that the Legislature did not intend for deficient notice or procedure to affect the validity of a taxpayer's tax liability or assessment, but that the Legislature would intend that deficient notice should affect a taxpayer's appeal rights.

As mentioned above, the Legislature clearly intended for the taxpayer to have some amount of notice with the 1999 amendment so that taxpayers had an opportunity to properly file an appeal.

Due to the lack of evidence in the record concerning the bulk mailing of the tax bills and the Tax Collector's certification of the bulk mailing, the court finds that Green has not established a presumption of receipt of the tax bill by Taxpayers, nor did Taxpayers have actual notice as in East Orange. Additionally, Taxpayers are not a "sophisticated real estate development company," nor does any evidence exist in the record that Taxpayers have the professional experience to conclude that they are "presumably careful and attentive to financial questions" as in Southway. The court finds it unreasonable that the average homebuyer would be expected to contact the Tax Assessor or Tax Collector to inquire about impending added assessments in the middle of closing on a home, and subsequently moving into it, as one would expect of an experienced real estate practitioner as in Davis & Assocs., L.L.C. or Venture 17.

### B. Actual Notice

Under the facts of these matters, there is no evidence that the Tax Collector mailed notice of an added assessment to Taxpayers. Here, Taxpayers did not have actual notice of the 2021 added assessment at issue until April 25, 2022.

While Green contends that the second half of N.J.S.A. 54:4-63.7 serves as statutory notice of the added assessment to Taxpayers, it conspicuously ignores the first half of said statute which requires "mailing or otherwise delivering the [added assessment] tax bills to the individuals assessed."

In support of its argument, Green mistakenly relies on Venture 17 v. Hasbrouck Heights Borough, where the court held that the taxpayer's late appeal of an added assessment was untimely filed because the taxpayer was deemed to be a sophisticated taxpayer. The court observed that "a

19

prudent taxpayer would have made inquiry of the assessor, tax collector, or county board as to whether an added assessment had been made." Id. at 155.  See also Davis & Assocs., L.L.C., 18 N.J. Tax at 634  (finding the company to be "sophisticated taxpayers" because it was a company that operated within the field of realestate and had "actual knowledge that municipalities were obligated to send annual notices of assessments.").

"[T]he relative 'sophistication' of a taxpayer is. . .a consideration in the application of equitable principles to relax the time limits." City of East Orange 27 N.J. Tax at 171.  However, the facts of Venture 17, and Davis & Assocs., L.L.C.  significantly differ from the facts currently presented.  Green provided no evidence to suggest that Taxpayers qualify as "sophisticated taxpayers" within the meaning of Venture 17 and Davis & Assocs., L.L.C., and the papers submitted by counsel for Taxpayers specifically refutes such a suggestion.

C. **Constructive Notice**

Green also argues that Taxpayers had constructive notice of the 2021 added assessment. Constructive notice is "[n]otice arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of… notice presumed by law to have been acquired by a person and thus imputed to that person."  Black's Law Dictionary 1227 (10th ed. 2014).

In support of its position, Green points to the PRC, 2018-2021 municipal Tax Lists, and the 2021 Added Assessment List which became a public record on or about October 5, 2021, asserting that these documents contained public information that would have easily notified Taxpayers of the added assessment on the Subject Property.  Once again, Green ignores the specific requirement of mailing the added assessment bills contained in the first part of N.J.S.A. 54:4-63.7.  Clearly, N.J.S.A. 54:4-63.7 does not suggest that adequate notice of added assessments

20

is satisfied because Taxpayers should have happened to stumble upon it in some public document. Conversely, said statute requires a specific act of mailing the added assessment tax bills by the tax collector "to the individuals assessed." Ibid. In the court's view, to support Green's reasoning would conflict with the long-standing square corners doctrine which provides that:

> Statutory provisions governing substantive standards and procedures for taxation, including the administrative review process, are premised on the concept that government will act scrupulously, correctly, efficiently, and honestly. It is to be assumed that the municipality will exercise its governmental responsibilities in the field of taxation conscientiously, in good faith and without ulterior motives.
>
> [F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 427 (1985)].

Furthermore, while not required by law, "in the interest of good public relations and transparency, assessors should make every effort to notify taxpayers of any Added . . . Assessments and the probable tax due as soon as the amount can be estimated." Handbook For New Jersey Assessors, § 806.03, p. 582, August 2022. The Tax Assessor's certification submitted herein makes no representation that she attempted, or otherwise notified Taxpayers of the added assessment now in controversy.

Notwithstanding, the facts herein beg inquiry into the relationship between Taxpayers and their mortgage lender, Rocket Mortgage (or its loan servicer), who paid the added assessment on the Subject Property on November 3, 2021.[7] Taxpayers assert that Rocket Mortgage made the

_____

[7] In his certification dated May 12, 2023, Green's counsel states that he was advised by the Tax Collector "that on October 7, 2021, she sent an email to CoreLogic and Lereta that included the 2021 added tax amount due for the subject property." According to his certification, "CoreLogic and Lereta are third-party mortgage clearing houses that manage, facilitate, and process real estate property taxes and payments." From the attached exhibits in support of Green Counsel's said certification, it appears that one Lisa Hardie, Data Acquisition Coordinator, Enterprise Data Group, in an email dated September 24, 2021, requested the "[c]urrent year file on behalf of

21

added assessment payment without their knowledge. The court observes that generally "creditor-debtor relationships rarely give rise to a fiduciary duty." United Jersey Bank v. Kensey, 306 N.J. Super. 540, 552 (1997). There is an assumption that the "relationship between lenders and borrowers is conducted at arms-length and the parties are each acting in their own interest." Ibid. The court is satisfied that there is no fiduciary relationship between Rocket Mortgage (or its loan servicer) and Taxpayers. Accordingly, absent that special relationship, there can be no constructive notice to Taxpayers of the added assessment simply because Rocket Mortgage (or its loan servicer), paid said added assessment. This remains true even if Taxpayers directed that their tax bills be mailed to Rocket Mortgage (or its loan servicer) pursuant to N.J.S.A. 54:4-64 (b) to (e), [8] because Green has not established that the 2021 added assessment bills were ever mailed in accordance with N.J.S.A. 54:4-63.7, and cannot produce the Tax Collector's certification of bulk mailing of the 2021 added assessment tax bills as required by N.J.S.A. 54:4-63.11.

### D. Due Process

Taxpayers argue that dismissal of the added assessment complaint is inappropriate because under the principles of due process, notice is an essential component; accordingly, the court must

---

CoreLogic for the upcoming (4) installment." There is no specific reference made to the Subject Property in said email request. In an email dated October 7, 2021, it appears that the Tax Collector responded to Ms. Hardie's request indicating "Just processed the ADDED tax files and I have about 25 and some had bank codes listed." None of this exchange is certified to by the Tax Collector herself. Moreover, there is no indication just who CoreLogic is in relation to Taxpayers, or for that matter, Rocket Mortgage. There's no suggestion that Taxpayers ever heard of CoreLogic. Clearly Ms. Hardie's email indicates that it was CoreLogic that reached out to the Tax Collector, not the other way around. Another exhibit included with Green Counsel's certification (a "screen print from the Tax Collector's payment program") shows the added assessment on the Subject Property was paid November 3, 2021, by check from payer bank Rocket (Mortgage); no mention of CoreLogic or Lereta.

[8] N.J.S.A. 54:4-64 (b) to (e) permits borrowers to direct a tax collector to send their tax bills to their mortgage lender. It is observed, however, that the same language regarding the tax collector mailing or delivering added assessment bills to mortgage lenders is not included in N.J.S.A. 54:4-63.7. That statute requires added assessment bills to be mailed to the "individuals assessed." Ibid.

22

deny Green's cross-motion and relax the filing deadline.

Our courts have long held that where notice was not received by the taxpayer, due process prompted this Court to fashion a remedy where notice is not received. See generally City of Camden, 9 N.J. Tax 331. In Camden, the court relaxed the filing deadline because (1) the property owner's tax exemption was revoked by way of omitted assessment, but was never notified of the omitted assessment, and (2) the prior owner's name and address was reflected on the added assessment list. Id. at 343-344.

"[W]here it is established that the taxpayer has…taken reasonable steps to notify the municipality, then the burden shifts to the taxing authorities to change their records to reflect the new address…" Berkeley, 213 N.J. Super. at 533. "The taxing authority must then show that it took reasonable steps to effectuate notice." Id. at 534.

Courts have held that "[n]otice mailed by a county board of taxation to an address different in a significant respect from that specified in a written notification from a petitioner does not (unless received) constitute adequate notice and does not satisfy the requirements of due process." Family Realty Co., 16 N.J. Tax at 193. "The requirements of due process have not been met unless the person…has been given an opportunity to be heard as to the validity and the amount of the levy…before the excise becomes irrevocably final." City of Camden, 9 N.J. Tax at 343.

Under the present facts, due process requires this court to relax the filing deadline given that: (1) Green did not establish that the Tax Collector mailed notice of the 2021 added assessment to Taxpayers; (2) Green has not established that Taxpayers had, or should have had, constructive notice of the 2021 added assessment; (3) there can be no presumption of receipt of the notice of the 2021 added assessment by Taxpayers because the names and address of prior owners, and not Taxpayers' names and address, are listed on the 2021 Added Assessment List; and (4) Taxpayers'

23

appeal was denied a hearing by the County Board through an administrative dismissal for untimeliness. Taxpayers did not have adequate notice of the 2021 added assessment to exercise their right to appeal by the statutory deadline and, therefore, cannot be denied the opportunity for a hearing on their appeal before the Tax Court.

### E. Change of Track Assignment

"The Tax Court Management Office shall advise the parties of the track assignment." R. 8:6-5. "An action shall ordinarily be assigned to the small claims track if it is indicated on the case information statement that the matter is within the small claims jurisdiction pursuant to R. 8:11." R. 8:6-4(e). "The small claims division will hear all local property tax cases in which the property at issue is a class 2 property (1-4 family residence). Local property tax cases in the small claims division shall be assigned to the small claims track." R. 8:11(2). "An action may be reassigned to a track other than that specified in the case management notice on application of a party or on the court's own motion." R. 8:6-7.

In local property tax cases, R. 8:6-1 limits small claims discovery:

> [D]iscovery shall be limited to the property record card for the subject premises, inspection of the subject premises, a closing statement if there has been a sale of the subject premises within three (3) years of the assessing date, the costs of improvements within three years (3) years of the assessing date, income, expense and lease information for income-producing property, and information relating to a claim of damage to the property occurring between October 1 of the pretax year and January 1 off the tax year pursuant to N.J.S.A. 54:4-35.1.
>
> [R. 8:6-1(a)(4).]

However, pursuant to R. 8:6-1(4), "the court in its discretion may grant additional discovery for good cause shown."

Taxpayers argue that traditional discovery is of greater importance in the context of their spot assessment claims, as the facts and circumstances surrounding the increase in the assessment

24

of the Subject Property are in Green's control. Absent supplemental discovery, Taxpayers are left to prove their case solely by circumstantial evidence. Consequently, they may be unable to effectively assert their claims against Green.

Green argues that Taxpayers (1) fail to demonstrate good cause for changing track assignment, and (2) that the legal basis is based upon the unfounded assumption of spot assessment.

The court finds that a change in the track designation of these matters is necessary for Taxpayers to pursue their claims against Green. The small claims track to which these matters have been assigned, allows for only limited discovery. That discovery may not be sufficient for Taxpayers to pursue their allegations of spot assessment and the basis for the added assessment. Pursuant to R. 8:6-7, the court has the authority to change the track assignment from the small claims track to the standard track. The court is satisfied that Taxpayers have shown good cause to change the track assignment of these matters and expand the scope of discovery to prove their allegations against Green.

## V.    CONCLUSION

For above-stated reasons Green's cross-motion to dismiss the added assessment complaint (Docket No. 008224-2022 only) is DENIED; Taxpayers' motion to change the track assignment of both matters is GRANTED changing the track designation from the small claims track to the standard track. The Tax Court's judgment and Order consistent with this opinion will be uploaded to eCourts.

25